396 So.2d 383 (1981)
Barbara LANDRY
v.
Jules A. MADERE and Jules A. Madere, Inc. d/b/a Jules Madere Creative Jewelers, Inc.
No. 13921.
Court of Appeal of Louisiana, First Circuit.
March 2, 1981.
Writ Denied April 27, 1981.
Conrad S. Adkins, Baton Rouge, counsel for plaintiff-appellant, Barbara Landry.
Robert L. Kleinpeter, Baton Rouge, counsel for defendants-appellees, Jules A. Madere and Jules A. Madere, Inc., d/b/a Jules Madere Creative Jewelers, Inc.
Before COVINGTON, CHIASSON and LEAR, JJ.
LEAR, Judge.
Plaintiff alleges that in August, 1977 (defendant's records indicate August 2, 1977), she contracted with defendants, Jules A. Madere and Jules A. Madere, Inc. d/b/a Jules Madere Creative Jewelers, Inc., to *384 remove a diamond from her engagement ring and reset it in another ring. Plaintiff contends that the reset diamond she received from defendants was not the same stone she delivered to them.
After trial, the judge, in oral reasons, ruled in favor of defendant, basing his opinion on plaintiff's failure to prove her claim by a preponderance of the evidence. We agree.
The law of this state requires, in a civil proceeding, that plaintiff prove his case by a preponderance of the evidence. By a preponderance of the evidence means evidence of greater weight or evidence which is more convincing than that offered in opposition to it. Iennusa v. Rosato, 207 La. 999, 22 So.2d 467 (1945); Coldtharp v. Hearin Tank Lines, Inc. et al, 239 La. 445, 118 So.2d 881 (1960).
Plaintiff called as witnesses Isaac Bodin, a jeweler from whom her ex-husband, Belin P. Landry, acquired the diamond in 1973, and Belin P. Landry. Both testified that the present stone is not the same stone acquired in 1973. Plaintiff testified that while driving home after picking up the ring from the defendant's store, she noticed that it was cracked and that it was not her diamond. She testified further that a couple of months later she went to Lake Charles, Louisiana, and had lunch with Mr. Landry, at which time she showed him the ring. He inquired as to how it got cracked and they took it to Mr. Bodin's shop. Later, Landry called defendant. According to Landry, this was in February, 1978, some five or six months after plaintiff received the ring from defendant.
The fact that plaintiff did not complain or make any demand on defendant during this long period, even though she saw defendant on two occasions shortly after receiving the ring, caused the trial judge some concern. We find this feeling of concern quite reasonable. It does not sound plausible for plaintiff to have remained silent for such a period of time.
Regardless of whether or not the diamond in question is the same one purchased by Landry from Bodin, the court was of the opinion that the diamond plaintiff received from defendant was the same one she delivered to defendant.
For the above reasons, the judgment of the trial court is affirmed, plaintiff to pay all costs.
AFFIRMED.