407 So.2d 491 (1981)
Irene Prieto MILLER
v.
Sidney W. CAMPBELL.
No. 14418.
Court of Appeal of Louisiana, First Circuit.
November 23, 1981.
Ron S. Macaluso, Hammond, for plaintiff.
Iddo Pittman, Jr., Hammond, for defendant.
Before ELLIS, LOTTINGER and PONDER, JJ.
PONDER, Judge.
Plaintiff appealed the judgment sustaining exceptions of prescription, res judicata and peremption to her petitory action.
In a possessory action, the appellee in the present action had secured judgment that ordered the appellant in the present action to bring a petitory action within thirty days after the judgment became final. Her motion for a new trial was fixed for argument on December 14, 1979. On December 13, her counsel obtained a continuance and asked to be dismissed as attorney. The hearing was reassigned for January 11, 1980.
*492 On December 14, the trial court signed a judgment submitted by appellee denying the motion for a new trial. Notice of the judgment was sent on December 26, 1979, and was received by appellant on December 28. On March 5, 1980, she filed a motion to reassign motion for new trial, which was later denied, and the present petitory action.
The issue is the propriety of the exceptions. To decide that, however, we have to consider the validity of the denial of a new trial after granting a continuance on the scheduled hearing and the necessity for holding a contradictory hearing.
We affirm.
Appellant applied for a new trial in the first case on the grounds that the decision rendered was contrary to law and evidence. These bare allegations did not present any new issues and it was within the trial judge's discretion to deny the motion ex parte and without a contradictory hearing. Sonnier v. Liberty Mutual Insurance Company, 258 La. 813, 248 So.2d 299 (1971).
The order granting a hearing on the motion for a new trial was interlocutory in nature. The trial judge has the authority to review an interlocutory order rendered by him and to change it if the new ruling would do substantial justice. Bordelon v. Dauzat, 389 So.2d 820 (3rd Cir. 1980); Arnold v. Stupp Corporation, 249 So.2d 276 (1st Cir. 1971).
Appellant cites Mooney v. Hooper, 3 La. 444 (1832) and Ogden v. Wilson, 18 La.Ann. 596 (1866) in which continuances granted prior to a trial and set aside without notice were found to be sufficiently irregular to warrant a reversal. In both of these cases, the issue was raised on timely appeal of the suit in which the continuance was granted.
Constitutional due process does not require a contradictory hearing on a motion for a new trial. Borras v. Falgoust, 285 So.2d 583 (4th Cir. 1973), writ denied 289 So.2d 161.
A thirty day delay is allowed for an appeal from a possessory action. Louisiana Code of Civil Procedure, Article 3662.[1] Appellant received notice of the denial of the motion for a new trial well within time to appeal. Since she did not appeal, the judgment of the possessory action and the denial of the subsequent motion for a new trial have become moot.
By the judgment, appellant had thirty days after the judgment became final to file the petitory action. She did not file within that time. The possessory action judgment definitively barred further litigation on the issues of ownership or possession except as authorized by the judgment, pursuant to Article 3662. Board of Commissioners v. S. D. Hunter Foundation, 354 So.2d 156 (La.1977).
Appellant contends that the rulings in the possessory action deserve to be annulled. In the absence of grounds evidencing an absolute nullity or a direct action raising the issue of relative nullity, we cannot rule on that issue. Louisiana Code of Civil Procedure, Article 2002, 2004.[2]
*493 For the reasons assigned, we affirm at appellant's cost.
AFFIRMED.
NOTES
[1] La.C.C.P Art. 3662:

"A judgment rendered for the plaintiff in a possessory action shall:
(1) Recognize his right to the possession of the immovable property or real right, and restore him to possession thereof if he has been evicted, or maintain him in possession thereof if the disturbance has not been an eviction;
(2) Order the defendant to assert his adverse claim of ownership of the immovable property or real right in a petitory action to be filed within a delay to be fixed by the court not to exceed sixty days after the date the judgment becomes executory, or be precluded thereafter from asserting the ownership thereof, if the plaintiff has prayed for such relief; and
(3) Award him the damages to which he is entitled and which he has prayed for.
A suspensive appeal from the judgment rendered in a possessory action may be taken within the delay provided in Article 2123, and a devolutive appeal may be taken from such judgment only within thirty days of the applicable date provided in Article 2087(1)-(3)."
[2] La. C.C.P. Art. 2002:

"A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3) By a court which does not have jurisdiction over the subject matter of the suit.
Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time."
La. C.C.P. Art. 2004:
"A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices."