435 So.2d 552 (1983)
Cynthia STARKS
v.
Guy KELLY, Mary Kelly and Fireman's Fund Insurance Company.
No. 82 CA 0925.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
*553 Otha Curtis Nelson, Jr., Simmons, Nelson, & Dunn, Baton Rouge, for plaintiff-appellant Cynthia Starks.
Carolyn Pratt Perry, Franklin, Moore & Walsh, Baton Rouge, and Robert Hornstein, Breaux & Hornstein, St. Gabriel, for defendant-appellee Guy Kelly, Mary Kelly, & Fireman's Fund Ins. Co.
Before COVINGTON, LANIER and ALFORD, JJ.
LANIER, Judge.
This is a suit for damages in tort arising from an automobile-pedestrian accident. The pedestrian, Cynthia Starks, brought this action against Guy Kelly (as owner of the vehicle), Mary Kelly (as driver of the vehicle) and Fireman's Fund Insurance Company (as insurer of the vehicle).[1] After Starks rested her case, Guy Kelly requested and was granted a directed verdict. La.C. C.P. art. 1810(A). The jury returned a verdict in favor of the remaining defendants by a vote of 9 to 3. The trial judge rendered judgment in accordance with the jury's verdict. Starks applied for a new trial which was denied without a contradictory hearing. This devolutive appeal followed.

FACTS
On September 18, 1981, at approximately 11:00 A.M., Mary Kelly was operating a 1979 Ford pickup truck owned by her husband, Guy Kelly, in an easterly direction in the right-hand (outside) lane on Government Street in the City of Baton Rouge, Parish of East Baton Rouge, Louisiana. Mary Kelly's mother, Pearl Warthen, was a passenger in the Kelly vehicle. As Mary Kelly approached the intersection of Government Street and Acadian Thruway, she observed that the traffic control light was green in her direction of travel. Mary Kelly slowed her vehicle and proceeded to make a right-hand turn onto Acadian Thruway. Both Mary Kelly and Mrs. Warthen observed Cynthia Starks walking from a parking lot to the sidewalk on Government Street. After the Kelly vehicle passed Starks, Mary Kelly and Warthen heard a *554 "thump" come from the right rear portion of the pickup truck. After completing the turn, Mary Kelly stopped the truck on Acadian Thruway. Mrs. Warthen asked Starks if she was hurt. The evidence is conflicting on the nature of Starks' reply. Cars began stopping behind the Kelly vehicle and honking their horns. Mary Kelly assumed that no damage had been done and returned to her home.

OPENING STATEMENT BY COUNSEL FOR DEFENDANTS
Starks contends that the trial court committed error by allowing counsel for the defendants to use a blackboard to demonstrate the defendants' version of the case in her opening statement to the jury.
The record shows that prior to the opening statements, the trial judge instructed the jury and, among other things, advised them that "... the argument which will be addressed to you by the lawyers in this case are (sic) not evidence." Wilkerson v. Battiste, 393 So.2d 195 (La. App. 1st Cir.1980). During her opening statement to the jury, counsel for the defendants commenced writing on a blackboard. Counsel for Starks objected contending that writing on the blackboard would constitute introducing evidence and was not appropriate in an opening statement. Counsel for the defendants argued that she was merely using the blackboard as a demonstrative aid to explain the intersection and conceded that such action was not evidence. The trial judge instructed the jury that counsel for the defendant was using the blackboard merely to give her version of the case. He again instructed the jury that this argument was not evidence. The trial judge further instructed the jury that, in reaching a verdict, the jury was to consider only testimony put on by witnesses who are sworn, documents or other evidence. Counsel has great latitude in presenting opening or closing arguments to a jury. The trial judge has much discretion in regulating and controlling such arguments within proper bounds. The rulings of the trial court in controlling and regulating the arguments of counsel will not be reversed unless they constitute an abuse of his much discretion. Temple v. Liberty Mutual Ins. Co., 330 So.2d 891 (La.1976); Benoit v. Fireman's Fund Insurance Company, 361 So.2d 1332 (La.App. 3rd Cir.1978). Allowing counsel to use a blackboard to demonstrate her version of the case, accompanied by the instructions given to the jury by the trial judge, did not constitute an abuse of discretion under the facts and circumstances of this case. Cf. Little v. Hughes, 136 So.2d 448 (La.App. 1st Cir.1961).

OPINION EVIDENCE BY INVESTIGATING OFFICER
Starks called Officer Randy Allain of the Baton Rouge City Police to testify concerning his investigation of the accident. He was not qualified as an expert witness in the field of accident reconstruction. During cross-examination, counsel for the defendants asked him if he reached any conclusion as to what probably happened. Counsel for Starks objected to the question indicating that, although the officer could testify as to what information he obtained as a result of his investigation, the witness could not answer the question propounded until he was qualified as some type of expert. The trial judge overruled the objection. Officer Allain then gave the following testimony:
A I didn't issue any citations. The information I had gathered at that point did not show that the pick-up left the road. Also, the driver admitted herself that she thought that someone or something may have hit the truck and she stopped to ask if any help was needed and this is what she told me. From talking to Officer King, I learned the same from him.
MR. NELSON: Your Honor, I would object to what he learned from Officer King.
THE COURT: Insofar as your impression might be based upon hearsay testimony from another officer, the Court would rule that that is not admissible. *555 Base your impression on what the plaintiff or the defendant told you.
A All I can say is that I had no information that the truck left the road as far as a violation concerning that. And from what I determined, she did offer help. As far as injuries, the way we report them on the accident report, it was listed as a complaint of pain or momentary unconsciousness. It is listed as this if someone has a slight scratch on their head or arm or anything, it is rated as a "4" as far as complaint of pain, etc. I had no report from the hospital that it was any major injuries. There were no outside witnesses to really substantiate any of the testimony of either of the parties involved.
Q Did you come to the conclusion that Ms. Starks probably leaned into the pick-up truck?
MR. NELSON: I object to that.
THE COURT: I would have to agree that that is a conclusion which the Jury is going to have to determine. I think that is getting a little bit far beyond what the Court could normally allow an inference to be drawn based upon the testimony that this witness says was personally known to him. Under those circumstances, the Court would have to sustain Mr. Nelson's objection.
Q Officer Allain, no further action was taken at all with regard to this accident, is that correct, by the Police Department?
A I didn't take any further action. I simply completed the accident report to show that Mrs. Kelly was driving and thatI indicate what each party involved stated and felt that it should be left up to them to resolve between themselves.
As a general rule, lay witness opinion evidence is not admissible. Montelbano v. Montelbano, 415 So.2d 303 (La.App. 2nd Cir.1982), writ denied 420 So.2d 163 (La.1982); Greene v. Wright, 365 So.2d 551 (La.App. 1st Cir.1978). In particular, the testimony of a police officer who has not been qualified as an expert witness must be confined to facts that he himself perceived or to admissions of the parties. Baker v. D.H. Holmes Company, Ltd., 285 So.2d 282 (La.App. 4th Cir.1973). The ruling of the trial court that Officer Allain could testify about his conclusion as to what probably happened is in error. However, such error is harmless error under the facts and circumstances of this case.
The initial reply by Officer Allain to the improper question was not responsive. Officer Allain merely indicated that he did not issue any citations, that his investigation did not reveal that the truck left the roadway, that Mrs. Kelly admitted that she thought someone or something may have hit the truck and that she stopped to ask if any help was needed. When Officer Allain commenced to recite what he was told by Officer King, counsel for Starks timely objected and the trial court properly sustained the objection. Officer Allain then commenced to discuss what injuries were sustained by Starks and indicated that he located no independent witnesses to substantiate the testimony of either of the parties. When counsel for the defendants asked Officer Allain if it was his conclusion that Starks leaned into the pickup truck, counsel for Starks timely objected and the trial judge properly sustained this objection. Thus, an analysis of the testimony shows that, although the trial court improperly allowed the initial question concerning Officer Allain's opinion, the subsequent reply was not responsive and did not give improper opinion evidence.
Even if improper opinion evidence were introduced at the trial, this case would not be remanded to the trial court for a new trial. In such a circumstance, it is incumbent upon this court for judicial economy to evaluate all of the evidence in the case and determine if the jury verdict was correct. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975).

WAS THE JURY'S VERDICT CLEARLY WRONG?
The jury's verdict (by way of special interrogatory) determined that Mary Kelly *556 was not guilty of fault or negligence which was a proximate cause of the accident. Starks contends that this verdict is clearly wrong and contrary to the law and the evidence.
Essentially, there were three witnesses to the accident: Mary Kelly, Pearl Warthen and Cynthia Starks. Mary Kelly testified that, as she approached the intersection of Government and Acadian, the light was green and she slowed to make a right turn onto Acadian. Mary Kelly saw Starks on the sidewalk, but did not observe her attempting to enter the street. As Mary Kelly was making the right turn, she did not bump against the curb or run up on the sidewalk. Mary Kelly heard a "thump" at the back of the truck, stopped the truck, determined that Starks was not hurt and proceeded home. Pearl Warthen corroborated this testimony.
Cynthia Starks testified that she got off the bus on the corner of Government and Acadian. She waited on the corner for the traffic control light on Government to change to red so she could cross that street. When the traffic control light changed to red and all cars had stopped, she stepped off of the sidewalk to walk across Government Street and was struck by the Kelly truck.
Negligence is not presumed, and the burden of proving negligence by a preponderance of the evidence rests upon the party alleging it. Blanchard v. Sotile, 394 So.2d 633 (La.App. 1st Cir.1980), writ denied 399 So.2d 601 (La.1981). A preponderance of the evidence means evidence of greater weight or evidence which is more convincing than that offered in opposition to it. Landry v. Madere, 396 So.2d 383 (La.App. 1st Cir.1981), writ denied 399 So.2d 611 (La.1981). Findings of fact in a trial court may not be reversed unless shown to be clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Obviously, the trial court jury accepted the Kelly-Warthen version of the facts and rejected that of Starks. After carefully reviewing all of the evidence in this case, we cannot say that the jury's verdict is clearly wrong.

ISSUES NOW MOOT
Starks contends that the trial court committed error by granting a directed verdict in favor of Guy Kelly and by failing to give a jury instruction on last clear chance. Because we have affirmed the jury determination that Mary Kelly was not negligent, these issues have become moot.
The only way that Guy Kelly could be cast in judgment is if the negligence of Mary Kelly were imputable to him. Since Mary Kelly has been determined to be not negligent, there is no legal theory upon which Guy Kelly can be found liable.
The doctrine of last clear chance does not become applicable until the evidence shows that both the plaintiff and the defendant were negligent. Jenkins v. Dearie, 405 So.2d 1141 (La.App. 1st Cir. 1981); Palmer v. State, 393 So.2d 427 (La. App. 3rd Cir.1980), writ denied 399 So.2d 601 (La.1981). Since we have found that the jury correctly determined that Mary Kelly was not negligent, the doctrine of last clear chance is not pertinent to a resolution of this case.[2] Even if the last clear chance instruction was erroneously omitted, a remand would not be appropriate and this court would decide this case on the record before us. Gonzales v. Xerox Corporation, supra. It is unnecessary for us to determine whether the doctrine of last clear chance is valid in this comparative negligence case.

DENIAL OF NEW TRIAL
Starks applied for a new trial contending that the trial court committed error by allowing counsel for the defendants to use a blackboard in her opening statement, by giving the jury an instruction on comparative negligence, by giving the jury an erroneous *557 instruction on the duty owed by the operator of a motor vehicle to a pedestrian and because the jury's verdict was contrary to the evidence and the law. The trial judge denied this application for a new trial without a contradictory hearing. Starks contends that the failure to grant a contradictory hearing and the denial of the new trial were error.
A motion for a new trial does not always necessitate a contradictory hearing. A contradictory hearing must be held only where the allegations in the motion clearly require such. Sonnier v. Liberty Mutual Insurance Company, 258 La. 813, 248 So.2d 299 (1971); Evans v. Ivy, 428 So.2d 886 (La.App. 1st Cir.1983).
The fact that the counsel for the defendants used a blackboard in making her opening presentation to the jury is in the record and was done under the eyes of the trial judge. Clearly, no contradictory hearing was necessary on that issue.
The instructions given by the trial court on comparative negligence and the duty owed by the operator of a motor vehicle to a pedestrian were in the record and had been accepted by the trial judge.[3] No contradictory hearing was needed on these issues.
The allegation that the jury's verdict was contrary to the law and the evidence does not require a contradictory hearing. Miller v. Campbell, 407 So.2d 491 (La.App. 1st Cir.1981).
The trial judge did not commit error by refusing to grant a contradictory hearing and by his ruling on the motion for a new trial.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is correct and is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] The petition does not allege that Mary Kelly was the wife of Guy Kelly (in fact, she was), or that Mary Kelly was on a community mission.
[2] Contributory negligence does not bar a pedestrian from recovery for damages sustained due to the negligence of a motorist. Baumgartner v. State Farm Mutual Automobile Insurance Company, 356 So.2d 400 (La.1978).
[3] The appellant has not urged that these jury instructions were wrong in specifications of error or by way of argument in this appeal and these issues are deemed abandoned. Rule 1-3, Uniform Rules, Courts of Appeal.