444 So.2d 213 (1983)
Huey L. PALMER, et ux.
v.
James L. STOKES, et ux. and Allstate Insurance Co.
No. 83 CA 0288.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
*214 Charles R. Moore, Baton Rouge, for plaintiff.
James E. Kuhn, Denham Springs, for defendant.
Before COVINGTON, COLE and SAVOIE, JJ.
COLE, Judge.
The major issue in this case is whether or not the damage award to plaintiffs constitutes an abuse of discretion by the trial court. The minor issue is whether or not the trial court erred in denying summarily the plaintiffs' motion for a new trial.
Mr. Huey E. Palmer and Mrs. Lois N. Palmer received personal injuries in an automobile accident on January 25, 1980. They brought suit against Mr. James L. Stokes, his wife, Ella J. Stokes, and their insurer, Allstate Insurance Company. The defendants' liability was stipulated leaving the issue of damages for personal injuries in dispute. The trial court rendered judgment in favor of the plaintiffs and against the defendants in the amount of $12,500.00. The plaintiffs moved for a new trial which was denied without a contradictory hearing. The plaintiffs have appealed alleging the following specifications of error: (1) the court erred in denying plaintiffs' motion for new trial without a hearing; (2) the court failed to make any award for damages sustained by Mr. Palmer; and (3) the award of damages to Lois Palmer was inadequate. Defendants answered this appeal seeking to have the amount of the judgment reduced to the sum of $5,000.00. (We find it difficult to consider defendants' response to the appeal to be a serious one.)
Before reaching the merits of the quantum issue, we turn to the question of whether or not the trial court erred in denying summarily the plaintiffs' motion for a new trial. The appellants contend the language of article 1971 of the Code of Civil Procedure envisions a contradictory hearing in determining whether or not a new trial should be granted.[1] Although there is no provision in the Code of Civil Procedure which specifically allows the court to deny a motion for a new trial summarily, the jurisprudence has recognized the trial court has discretion to do so when there are no new issues presented which might alter the result. Sonnier v. Liberty Mutual Insurance Company, 248 So.2d 299 (La.1971), rehearing denied 1971; Miller v. Campbell, 407 So.2d 491 (La.App. 1st Cir.1981). Accordingly, the appellants' allegation that the trial court erred in denying their motion for a new trial without a contradictory hearing is without merit.
*215 Our task in determining the adequacy of the damage award is made more difficult because of its in globo nature. The appellants contend this in globo award fails to grant anything for damages sustained by Mr. Palmer. We agree. In its reasons for judgment the trial court states: "The Court feels that plaintiff would be adequately compensated for her injury, pain, disability and all of her expenses by an award of $12,500.00." (Emphasis added.) On the other hand the judgment reads:
"IT IS ORDERED, ADJUDGED AND DECREED, That there be judgment herein in favor of plaintiffs, Huey E. Palmer and Lois N. Palmer, and against defendants, James L. Stokes and Allstate Insurance Company, in the total sum and amount of TWELVE THOUSAND FIVE HUNDRED AND NO/100 ($12,500.00) DOLLARS, for plaintiffs' injury, pain, disability and her expenses, together with legal interest thereon from date of judicial demand, until paid, and for all costs herein." (Emphasis added.)
The reasons for judgment authored by the trial judge make reference to Mrs. Palmer only. It is clear from these reasons the entire sum to be awarded was intended to provide for her damages. The reasons also set forth the court would sign a judgment consistent with its opinion when presented one by the parties. The judgment however, submitted by defense counsel without the apparent approval of plaintiffs' counsel, is not consistent with the court's opinion. In the very least, it can be said to be ambiguous.[2] Because of this we conclude the in globo award did not include anything for general damages sustained by Mr. Palmer.
Mr. Palmer was driving the car at the time of the accident. He received a scratch and a knot on his head which remained for a week. He did not seek any medical treatment but testified he was under additional stress as a result of the accident. This testimony was uncontroverted. Because the trial court abused its discretion in not awarding Mr. Palmer any sum whatsoever, we grant Mr. Palmer a general damage award of $500.00. This is done under our authority to render any judgment which is just, legal, and proper upon the record on appeal. La.Code Civ.P. art. 2164.
Mrs. Palmer, age 52, was sitting in the passenger's seat of the automobile at the time of the accident. When the defendants' car struck the plaintiffs' car, Mrs. Palmer was thrust forward. Two days after the accident Mrs. Palmer went to the hospital complaining of injuries to her knee, neck and shoulder. She testified the pain in her shoulder and neck was so severe she had to be pulled out of bed and out of her chair. She received treatment from a chiropractor for a month. She related her shoulder was fine as of the time of trial. The injury to her knee consisted of a knot under the kneecap which appeared immediately after the accident. The knot subsided but Mrs. Palmer limped for three months because of soreness. She was treated by Dr. Leonard Stander for her knee injury which had healed fully by the time of trial.
The injury most litigated is the one to Mrs. Palmer's left index finger. Mrs. Palmer did not seek medical attention for the pain in her finger until four months after the accident. The testimony establishes the injury was probably caused when she "jammed" her finger on the dashboard of the car in an attempt to prevent herself from going through the windshield. The medical testimony of three doctors was consistant in diagnosing Mrs. Palmer's injury as "tenosynovitis," an inflammation of the tendon sheath which inhibits the flexing and extending movements of the finger. Mrs. Palmer saw these doctors at sporadic intervals over a period of years. They testified as to the condition of her finger at the time of each visit.
*216 Dr. Joe A. Morgan, an orthopedic surgeon, saw Mrs. Palmer on May 5, 1980. He diagnosed the injury as tenosynovitis and gave her a splint for the finger. She came back complaining of pain and was given cortisone injections. Testifying by deposition, Dr. Morgan stated Mrs. Palmer was fully recovered as of January 13, 1981, and had no residual disability. On February 25, 1981, the date of Mrs. Palmer's last visit to Dr. Morgan, he was of the same opinion.
Mrs. Palmer then went to Dr. Daniel C. Riordan, an orthopedic surgeon, who is considered by some in the medical profession to be the "father of hand surgery." Dr. Riordan, also testifying by deposition, said he first saw Mrs. Palmer on June 2, 1981. His diagnosis was consistant with that of Dr. Morgan's. Mrs. Palmer returned to Dr. Riordan several times complaining of pain. On January 7, 1982, he again saw Mrs. Palmer and could find nothing to account for her pain and had no recommendations for treatment other than aspirin. He saw no need for surgery at that time. Since she had a full range of motion in her finger, he felt she did not have any actual loss of function of the hand. Only because she complained of pain, he assessed a five per cent loss of function of the hand.
In March of 1982 Mrs. Palmer saw Dr. Andrew Kucharchuk, another orthopedic surgeon. When nonoperative procedures did not alleviate the pain in Mrs. Palmer's hand, Dr. Kucharchuk performed a tenosynovectomy on April 22, 1982. In Dr. Kucharchuk's opinion Mrs. Palmer has a ten per cent residual disability in her hand.
Concerning the award of damages to Mrs. Palmer, appellants contend: (1) an inadequate award was made for past medical expenses and no award and/or an inadequate award was made for future medical expenses; (2) an inadequate award was made for general damages; and (3) no award was made for loss of income and impairment of future earning capacity. In reviewing whether or not the trial court erred or abused its great discretion in these particulars, our duty is more onerous because of failure to delineate the amount attributable to each type of damage. The approach we take is to review the evidence to ascertain the amount which could have been reasonably allocated to each type of damage.
As regards past medical expenses, we note an error in addition of the expenses enumerated in plaintiffs' exhibit-4. The correct sum is $3,252.89. From this amount plaintiffs withdrew $71.00 representing visits Mr. Palmer made to the chiropractor. To the balance there is added the sum of $700.00 for the device Dr. Kucharchuk recommended for Mrs. Palmer's therapy; and $410.00 for past physical therapy. The correct total is $4,291.89. This is the sum the trial court could have awarded Mr. Palmer for his wife's past medical expenses.[3]
Concerning future medical expenses, the operating surgeon, Dr. Kucharchuk, testified he recommended Mrs. Palmer engage in physical therapy three times a week. He said the minimum amount of time would be six months and the maximum time would be three to four years. The cost of a treatment was established at $24.00. Using the conservative estimate of six months, $1,872.00 is the lowest amount the trial court could have awarded Mr. Palmer for his wife's future medical expenses.
It is evident the trial court did not allocate any amount for loss of income or impairment of earning capacity and when the above sums constituting an award to Mr. Palmer are totaled, $5,836.11 remains for Mrs. Palmer's general damages. Considering the particular facts and circumstances of the injuries to Mrs. Palmer, we find the trial court abused its great discretion in not awarding a more substantial sum. Prior to the accident, Mrs. Palmer *217 was involved actively in gardening, sewing and household duties. After the accident Mrs. Palmer appears unable to perform some of these activities because of perceived pain in her left index finger. And, although it is not a functional disability, based upon the subjective complaint of pain, Mrs. Palmer's physicians assess a five to ten per cent residual disability in her left hand. She also received the injuries to her knee, neck and shoulder, underwent prolonged treatment, and experienced serious hand surgery. Under the principles of Reck v. Stevens, 373 So.2d 498 (La.1979), we conclude the lowest amount the trial court could have reasonably awarded Mrs. Palmer for general damages is $20,000.00.
Finally, we conclude the trial court was correct in not awarding anything to Mrs. Palmer for loss of income or impairment of earning capacity. At the time of the accident Mrs. Palmer was unemployed. However, for a number of years she had driven a school bus and supplemented her income by doing art work. She now claims she is unable to do either of these things because of the pain in her left index finger. According to Mrs. Palmer, she had plans to resume her job as a school bus driver. Dr. Morgan stated Mrs. Palmer recovered fully, and as of January 13, 1981, had no disability. Dr. Riordan stated Mrs. Palmer did not have any actual loss of function of her hand. As noted above, it was only because of the complaints of pain that he assessed a five per cent loss of function. Dr. Kucharchuk, the surgeon who operated on Mrs. Palmer, gave her a ten per cent disability of the hand. He testified because of the "total patient picture" he would not recommend Mrs. Palmer operate a school bus. Dr. Kucharchuk's concern was over the pain Mrs. Palmer was having and the effect it would have on her ability to operate the bus safely. Mrs. Palmer is right handed and the minimal disability in her left hand does not affect her ability to shift gears to the right of the driver's seat. She did testify she could not operate the knob to the left which controls the stop signs and signal lights but it is obvious the trial court did not accept this testimony as credible. Dr. Kucharchuk implied if Mrs. Palmer did not have any pain in her finger she could drive the bus. Furthermore, he testified that in six months Mrs. Palmer should be "doing quite good." Taking the medical testimony as a whole, we conclude the trial court did not abuse its discretion in failing to award damages to Mrs. Palmer for loss of income and impairment of her earning capacity.
For the foregoing reasons, we amend and recast the judgment of the trial court as follows:
IT IS ORDERED, ADJUDGED AND DECREED there be judgment in favor of plaintiff, Huey E. Palmer, and against defendants, James L. Stokes, Ella J. Stokes, and Allstate Insurance Company, in solido, for the sum of SIX THOUSAND SIX HUNDRED SIXTY-THREE AND 89/100 ($6,663.89) DOLLARS, plus legal interest thereon from date of judicial demand, until paid, and for all costs of court.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED there be judgment in favor of plaintiff, Lois N. Palmer, and against defendants, James L. Stokes, Ella J. Stokes, and Allstate Insurance Company, in solido, for the sum of TWENTY THOUSAND AND NO/100 ($20,000.00) DOLLARS, plus legal interest thereon from date of judicial demand, until paid.
Defendants-appellees are cast for all costs of this appeal.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] Art. 1971.

"A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues."
[2] We note also the judgment did not cast Ella J. Stokes as a party defendant although issue was joined as to her solidary obligation.
[3] Mr. Palmer is the proper plaintiff in this instance to be awarded damages for his wife's past and future medical expenses in that he petitioned the court for these expenses of the community.