YELVERTON, Judge.
This is a suit by an insurance agency, Vandegaer, against a client, William H. French, for premiums carried on open account. French operated some hauling trucks and these, together with his home, had been insured through Vandegaer for several years. French got behind on his premium payments and this suit for $4,898.40, along with attorney’s fees and interest, was filed. At the trial French admitted he owed $2,378.78, disputing the balance. The trial court found for Vande-gaer as to the undisputed debt, but ruled in favor of French for the disputed portion, also denying Vandegaer’s demand for attorney’s fees and legal interest from judicial demand. The trial court granted interest on the award from the date of judgment. Vandegaer appealed. We amend the judgment to award legal interest from date of judicial demand. Otherwise, we affirm.
The main contention of Vandegaer on appeal is that it should have been awarded the full amount of its demand. The difference is traceable to disputed premiums on a policy that Vandegaer caused to be issued in January 1985. A policy was procured by Vandegaer in January and cancelled in April 1985. In this suit Vandegaer wanted *832 payment for coverage from issuance until cancellation.
French testified that he signed the finance agreement for the new policy in 1985, but did not pay the down payment because he decided that the premium was too high, and that he called Vandegaer the next day and told Vandegaer that he did not want the policy. French testified that he purchased another policy from an agent in Lafayette a few days later. The witness Sculthorpe, Vandegaer’s agent who handled the negotiations, contradicted French. She testified that he did not request cancellation of the policy until mid-March of 1985. She claimed she sent a letter requesting cancellation to the insurance company on March 25 and cancellation became effective on April 30, 1985.
The trial court, accepting French’s testimony over that of Sculthorpe, found that there was never a contract to purchase insurance in January 1985, and that Vande-gaer was not authorized to obtain a policy for French.
By its very definition, a contract is an agreement between two or more parties whereby obligations are created, modified or extinguished. LSA-C.C. Art. 1906. There is evidence in the record to support the trial court’s conclusion that no contract was formed because there was no meeting of the minds. French testified that after Vandegaer’s agent quoted him a rate on the insurance policy, he called and told Vandegaer that he was not interested in the policy because the premium was too high. The testimony also revealed that French never made any payment on that policy. The normal business practice between these parties required a down payment.
It was French’s word against that of Sculthorpe. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Dieudonne v. Guidry, 336 So.2d 990 (La.App. 3rd Cir.1976), writ denied 339 So.2d 853 (La.1976). There is no clear error in the decision. The contention that the trial court should have believed Sculthorpe, which was appellant’s first assignment of error, has no merit.
The appellant’s second assignment of error is also meritless. It is argued that the trial court erred in not granting a contradictory hearing on Vandegaer’s motion for a new trial. Vandegaer’s motion contended that during the trial, French perjured himself when he testified that he purchased another policy from an agent in Lafayette after deciding he did not want the policy in question. The trial court without a hearing denied the motion for a new trial.
The trial court is vested with discretion to deny a motion for a new trial without a contradictory hearing when there are no new issues presented which might alter the result. Palmer v. Stokes, 444 So.2d 213 (La.App. 1st Cir.1983). The issue in this case is whether French bought a policy through Vandegaer in January 1985. When or whether he bought another policy from somewhere else was immaterial. We conclude that the trial court did not abuse its discretion by not allowing a contradictory hearing on whether to grant a new trial.
The appellant’s remaining assignment of error is meritorious. It contends that the trial court erred in not awarding interest from the date of judicial demand. We agree. All sums due on a contract bear interest at least from the time of judicial demand. Land and Offshore Company v. Martin, 469 So.2d 1177, 1186 (La.App. 3rd Cir.1985). It might be that appellant could have been awarded interest from the date the debt became due, Meeks v. Huntington School, Inc., 489 So.2d 435 (La.App. 3rd Cir.1986), but appellant prayed only for interest from judicial demand. It was error to award interest from date of judgment.
For the foregoing reasons, the judgment of the trial court is affirmed, except that it is amended to provide that legal interest on the sum of $2,378.78 is due from the date *833 of judicial demand. Costs of this appeal are divided equally.
AMENDED, AND AS AMENDED, AFFIRMED.