633 So.2d 694 (1993)
Cheryl SMITH
v.
JACK DYER & ASSOCIATES, INC. and Metro Properties Management, Inc.
No. 93 CA 0564.
Court of Appeal of Louisiana, First Circuit.
December 29, 1993.
*695 Brian C. Beckwith, New Orleans, for plaintiff Cheryl Smith.
Arthur R. Cooper, Baton Rouge, for defendants Metro Properties Management, Inc. and City Sav. Bank & Trust Co.
Before LOTTINGER, C.J., and GONZALES and WHIPPLE, JJ.
LOTTINGER, Chief Judge.
This appeal arises from a judgment following a bench trial in a "trip and fall" case in which the plaintiff was awarded $29,941.22 for the damages she sustained when she tripped and fell over a carpet buckle on a staircase. The defendants, one a property management firm and the other the property *696 owner, were cast liable, jointly, severally and in solido, for the plaintiff's injuries. The defendants appeal, urging four assignments of error.

FACTS
In December of 1987, Cheryl Smith, appellee, was visiting Ronald Armstead, then her fiance, at the apartment he leased in Addis, Louisiana. Ronald is now the appellee's husband. The leased apartment was owned by City Savings Bank and Trust Company (City Savings) and managed by Metro Properties Management, Inc. (Metro), appellants. As the appellee was descending the internal staircase of the apartment, she tripped on a buckle in the carpeting covering the stairs and fell, causing immediate injury to her back and elbow. The staircase was bifurcated into an upper and lower portion, designated by a turn which separated the upper half from the lower half. Although the staircase had a handrail for the upper steps, it contained no handrail for the lower steps. Furthermore, the only light which illuminated the steps was fixed at the top of the staircase. Hence, there was no light fixture placed in the stairwell to illuminate the lower portion.
At trial, Ronald testified that he had complained about the staircase to the management prior to appellee's accident. He stated that he tripped on the carpet buckle approximately one week after he had moved into the apartment. Further, Ronald stated that he reported the carpet problem on the staircase to the management. However, he testified that the management never sent anyone to investigate and correct the problem.
Due to the injuries she sustained, appellee sought the care of Dr. George Murphy, an orthopedist. Originally, Dr. Murphy diagnosed appellee's injury as a lumbar strain and prescribed analgesic drugs to curtail the pain. However, appellee developed an adverse reaction to the prescribed medication because she is allergic to medication containing Codeine. Because she continued to complain of pain, medical tests were performed on appellee. After these tests, Dr. Murphy diagnosed appellee as suffering from permanent nerve root damage in her lower back. Moreover, Dr. Murphy mentioned to appellee that surgery was a possibility.
While expecting another child at the time of trial, appellee relayed the extent that her injuries have impacted her life. Appellee testified that although she is still able to continue her employment, her injuries prevent her from dancing and playing volleyball. Furthermore, she stated that she has difficulty rising from bed and dressing herself. In addition to stating that she cannot put laundry in or take it out of the dryer, appellee conveyed that it is painful for her to sit for long periods of time. Furthermore, appellee testified that she is unable to enjoy a playful relationship with her daughter because she cannot run with her daughter nor pick her up. Also, appellee stated that because pregnancy puts an additional strain on her back, her legs sometimes give out.
Appellee's husband testified at trial that because of his wife's injuries, he must perform the daily household chores such as scrubbing and other activities that require her to bend over. Further, Ronald provided that appellee can barely make the bed. He also stated that he must bathe their daughter because this activity also requires her to bend over. Moreover, in addition to being unable to go dancing with him, Ronald testified that he and appellee can no longer engage in horseplay. Additionally, he stated that at times when he requests sexual intercourse with appellee, she complains about her back.
Appellants denied any responsibility for the accident. Appellants maintained that the lease executed by Ronald contained a provision pursuant to La.R.S. 9:3221 that allows the lessee to assume responsibility for injury caused by the condition of the leased premises. However, appellants were unable to produce the original lease executed by Ronald. In lieu of the original lease, appellants introduced a copy of a form lease containing a provision in which the lessee assumes responsibility for the leased premises and maintained that the copy was an exact duplicate of the lease Ronald executed. Appellants attempted to prove their assertion by introducing the deposition of Nadine Kittrell, an employee of Metro, who stated at her *697 deposition that Ronald could not have entered into any lease agreement except for the one stipulated in the copy. Although Ronald acknowledged that he signed "a copy of a lease," he never indicated that the copy contained a lease agreement identical to the one he signed.

TRIAL COURT
The trial court found that appellants failed to prove that Ronald assumed responsibility for the apartment. Accordingly, the trial court found appellants liable to appellee jointly, severally and in solido. Consequently, the trial court awarded appellee $29,941.22 ($25,000.00 in general damages and $4,941.22 for her medical bills), plus judicial interest.

ASSIGNMENTS OF ERROR
Appellants submit four assignments of error. Specifically, appellants maintain: (1) the trial court erred in finding that they did not prove the terms of the lease executed by Ronald Armstead; (2) the trial court erred in failing to relieve them of responsibility for appellee's injuries under the terms of the lease; (3) alternatively, should we find that they owe an obligation to appellee, the trial court erred in failing to find that Ronald or appellee was solely or comparatively at fault for the accident; and (4) the trial court abused its discretion in awarding general damages to appellee.

ISSUES
Appellants' assignments of error raise the following questions for review: First, did the trial court commit manifest error because it failed to find that appellants proved the contents of the lease agreement executed by Ronald? Second, did the trial court err by not relieving appellants of responsibility for appellee's accident because Ronald did not notify appellants in writing of the carpet buckle on the staircase? Third, did the trial court err in failing to find that Ronald or appellee was solely or comparatively at fault for the accident? Finally, did the trial court abuse its discretion in awarding $25,000.00 in general damages to appellee?

I
Appellants submit that the trial court erred in finding that they did not prove the terms of the lease executed by Ronald. Specifically, appellants argue that because the trial court failed to recognize a form copy of a lease that they contended was an exact duplicate of the lease agreement executed by Ronald, the trial court's finding is manifestly erroneous. Hence, appellants claim that the trial court should have recognized the form copy of the lease that contained a provision drafted pursuant to La.R.S. 9:3221 as the lease agreement identical to the one executed by Ronald. Although the contract contemplated by La.R.S. 9:3221 may be either written or oral, the lessor has the burden of proving with legal certainty the existence of such a contract. Clofort v. Matmoor, Inc., 370 So.2d 1305, 1307 (La.App. 4th Cir.1979).
It is a settled principle of law that an appellate court cannot set aside the trial court's findings of fact in the absence of "manifest error" or unless the finding is "clearly wrong." Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
At trial, appellants presented the trial court with a copy of a form lease containing a provision which stipulated that the lessee assumed responsibility for injuries caused by defects in the apartment. Appellants asserted that the lease executed by Ronald was identical to the copy presented to the trial court. In an attempt to prove their assertion, appellants offered the deposition of Nadine Kittrell, an employee of Metro who did not testify at trial. At her deposition, Kittrell stated that the copy of the form lease agreement is the only one that Ronald could have executed. Further, Kittrell stated that although she was not responsible for the leases at the time Ronald moved into the apartment, it was her personal knowledge that there was no other lease agreement form available for Ronald to sign except the one that appellants assert that he signed.
Ronald admitted at trial that he executed a written lease with Metro and did not make any changes to the lease that he signed. However, although Ronald testified that he had a written lease, he indicated only that he *698 signed "a copy of a lease." Hence, Ronald never acknowledged that the lease agreement that he signed was an exact duplicate of the copy that appellants maintain he signed.
According to the testimony presented, the trial court found that appellants failed to prove that the lease agreement signed by Ronald contained a provision which stipulated that the lessee assumed responsibility for injuries caused by defects in the apartment. Thus, because the trial court drew a reasonable inference of fact from its evaluation of conflicting testimony, we conclude that appellants failed to prove with legal certainty that the lease agreement executed by Ronald contained a provision pursuant to La.R.S. 9:3221. Hence, the trial court's finding is not manifestly erroneous.
Appellants' first assignment of error is without merit.

II
Appellants submit that the trial court erred in not relieving them of responsibility under the terms of the lease. Specifically, appellants argue that the trial court should have enforced the provision that they maintain was in the lease agreement executed by Ronald which required the lessee to report defects in the premises to the lessor in writing. Accordingly, appellants claim that because Ronald did not report the carpet defect on the staircase to them in writing, the provision in the form copy prevents responsibility for the buckled piece of carpet to shift back to them.
The validity of appellants' position first hinges on whether they proved, with legal certainty, that the lease executed by Ronald contained a provision pursuant to La.R.S. 9:3221. As we have already concluded, appellants failed to prove that Ronald assumed responsibility for the leased premises.
However, although the issue of whether Ronald was required to provide written notice of the defect is moot since we have decided that appellants failed to prove the terms of the lease, we take this opportunity to clarify what type of notice is contemplated by La.R.S. 9:3221.[2] We take note that the lease, which appellants contended was an exact copy of the lease signed by Ronald, contained a provision stipulating that unless the lessee provides written notice of defects, the lessee remains liable for any damages caused by such defects. Appellants take the position that La.R.S. 9:3221 does not specifically prohibit the parties to a lease contract from agreeing that the lessee must provide "written notice" of any defects in the leased premises to the lessor before any liability will fall upon the lessor. We disagree.
In Thompson v. Suprena, 65 So.2d 801, 803-04 (La.App.Orl.1953), the court held that the lessee did not have to provide the lessor with written notice of defects in the leased premises to escape responsibility pursuant to La.R.S. 9:3221 for damages resulting from a defect despite the fact that the lease agreement required the lessee to notify the lessor "in writing." The court stated that the pertinent inquiry is simply "whether the owner knew or should have known of the defectiveness...." Id. at 803.
Moreover, our reading of La.R.S. 9:3221 divulges that the owner will remain liable for any defect which he had received notice of but failed to remedy within a reasonable time. Accordingly, "notice," not "written notice" is all that is required. Hence, in the case at hand, the issue is simply a factual determination of whether appellants received notice of the carpet buckle and failed to make the necessary repairs within a reasonable time, not whether they received written notice of the defect. Thus, even if appellants had proven the terms that they maintained were in the lease, appellants would still be responsible for appellee's damages because the trial court determined that they had previously received notice of the carpet buckle, evidenced by Ronald's testimony, and failed to make repairs.
*699 Appellants' second assignment of error is without merit.

III
Appellants submit that should we find that they owe any obligation to appellee, the trial court erred in failing to find Ronald or appellee solely or comparatively at fault for the accident. Specifically, appellants argue that the evidence supports a finding that Ronald or appellee should have been found at least comparatively at fault because Ronald and appellee were in the best position to avoid the accident. Accordingly, appellants assert that Ronald could have prevented the accident because he knew of the carpet buckle and failed to warn appellee of the defect and neglected to repair it. Further, appellants assert that appellee could have avoided the accident because she had been in the apartment on a number of occasions and she could have been more attentive while descending the stairs.
Negligence is not presumed. Starks v. Kelly, 435 So.2d 552, 556 (La.App. 1st Cir.1983). The burden of proving negligence by a preponderance of the evidence rests on the alleging party. Id. at 556. Additionally, a preponderance of the evidence is evidence of greater weight or evidence which is more convincing than that offered in opposition to it. Id. at 556. Thus, the existence of negligence is a factual finding which cannot be reversed unless it is shown to be manifestly erroneous or clearly wrong. Id. at 556.
In the case at hand, Ronald admitted that he had knowledge of the carpet buckle and that he did not attempt any repairs. Furthermore, Ronald admitted that he did not tell appellee about the carpet buckle on the staircase. Nevertheless, the trial court failed to find negligence on Ronald's part. Ronald testified that he did not attempt to make any repairs because he is not a repairman and would not know how to repair carpet. Instead, Ronald notified the management of the carpet buckle so they could make the necessary repairs. Moreover, although Ronald had knowledge of the defect, it does not mean that he had knowledge that the carpet buckle posed a dangerous condition which necessitated that he warn appellee. Thus, after a review of the record, we are satisfied that the trial court's failure to find negligence on Ronald's part was not clearly wrong.
"Comparative negligence is conduct which falls below the standard of care to which one should perform for one's protection." Bergeron v. K-Mart Corporation, 540 So.2d 406, 408 (La.App. 1st Cir.), writs denied, 544 So.2d 408 and 544 So.2d 412 (La. 1989). Accordingly, comparative negligence is determined by the reasonableness of the behavior under the circumstances. Id. at 408. Furthermore, because comparative negligence is an affirmative defense that must be specifically pleaded, the defendant bears the burden of proving it by a preponderance of the evidence. Id. at 408. Moreover, it is a settled principle of law that "the allocation of comparative negligence is a factual matter." Walton v. Bellard, 581 So.2d 307, 311 (La.App. 1st Cir.), writ denied, 585 So.2d 567 (La.1991). Hence, a determination concerning comparative negligence will not be disturbed on appeal unless it is clearly wrong or manifestly erroneous. Id. at 311.
In Bergeron, we held that although a pedestrian has a duty to see that which should be seen, he is not required to look for hidden dangers. 540 So.2d at 408. Instead, the pedestrian is bound to observe his course to see that his pathway is clear. Id. at 408. Hence, the pedestrian is held to have seen those obstructions in his pathway that would be discovered by a reasonably prudent person exercising ordinary care under the circumstances. Id. at 408. However, the act of descending stairs naturally requires a person to exercise a greater degree of care than is called for when walking on a level surface. Yet, we rule that the law does not require a person descending stairs to meticulously devote the entirety of his attention to the surface below him in an effort to scan for hidden defects.
Without specifically finding that appellee did not act negligently, the trial court rejected appellants' defense of contributory negligence. However, our thorough review of the record, in its entirety, reveals that *700 appellee did not act negligently. Accordingly, we find that at the time of the accident, appellee was using the staircase as it was intended to be used. Furthermore, although she had visited Ronald at the apartment on previous occasions, appellee was not intimately familiar with the staircase. Hence, she was not aware of the carpet buckle on the step of the staircase. Furthermore, we do not believe that appellee's action constitutes negligence because she did not meticulously direct her attention to the surface of the steps as she descended to scan for latent defects. Such action would not be expected of a reasonably prudent person similarly situated. Thus, appellee's failure to see the carpet buckle does not warrant a finding that appellee was comparatively negligent.
However, assuming for the purpose of argument that the trial court did find that appellee was negligent, the trial court apparently decided that this is not an appropriate case for the application of comparative fault principles. In Sistler v. Liberty Mutual Insurance Company, 558 So.2d 1106, 1113 (La. 1990), the supreme court stated that "[w]hen a court finds victim fault, comparative fault principles are applied on a case-by-case basis." Sistler provides that "[c]ourts applying the victim fault defense inquire whether reducing the negligent plaintiff's recovery would serve as an incentive for similarly situated plaintiffs to exercise care, while not reducing the incentive of the owner of the thing to remove the risk of harm." Id. at 1113. Moreover, the court stipulates that the "[r]eduction of plaintiff's recovery should not diminish the defendant's incentive to remove the unreasonable risk from his property." Id. at 1113. Accordingly, we determine that if appellee acted negligently, the policy rationale dictated in Sistler is appropriate for the case at hand.
In the context of the staircase, because the trial court found that Ronald notified the management of the carpet buckle, appellants should have anticipated that the failure to remedy the defect would ultimately cause someone to trip and fall. Furthermore, the cost of making the necessary repairs to prevent trip and falls on a poorly lighted staircase is minimal. Moreover, in light of the severity of an injury that is likely to result from a trip and fall on a staircase, the minimal cost of remedying the defect provided notable incentive for the appellants to make the necessary repairs. Thus, reducing appellee's recovery would only serve to diminish appellants' incentive to remove the carpet buckle.
In sum, we find no manifest error if the trial court found that appellee was not negligent in using the staircase. Furthermore, if the trial court found that appellee was negligent, yet determined not to apply the principles of comparative fault to reduce her recovery because it determined that this is not a case in which the principles of comparative fault should be applied, we find no error.
Appellants' third assignment of error is without merit.

IV
Appellants submit that the trial court abused its discretion in awarding general damages to appellee. Specifically, appellants argue that the trial court's award of $25,000.00 in general damages is excessive. Appellants claim that a review of other cases warrants a reduction of appellee's award to an amount no greater than $10,000.00.
The Louisiana Supreme Court recently held that appellate courts should rarely disturb an award of general damages because "the discretion vested in trier of fact is `great,' and even vast." Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La. 1993).
Accordingly, in following the supreme court's instructions, we have thoroughly reviewed the record and conclude that this is not one of the rare cases contemplated by the supreme court in which the trial court abused its "vast" discretion. Hence, the trial court did not abuse its discretion in granting $25,000.00 in general damages to appellee for the injuries she suffered under the circumstances. Thus, having determined that the trial court did not abuse its discretion, we need not resort to a review of prior cases.
Appellants' fourth assignment of error is without merit.

*701 DECREE
For the above stated reasons the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.
WHIPPLE, J., concurs.
NOTES
[2] La.R.S. 9:3221 provides:

The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.