| j MICHAEL E. KIRBY, Judge.
Plaintiff, Betty Altvater, appeals the trial court judgment granting summary judgment in favor of defendant, LaBranche Properties, Inc., and dismissing plaintiffs claim against it with prejudice. We affirm for reasons that follow.
Plaintiff filed a petition for damages against LaBranche Properties, Inc. and Royal Foods, Inc. d/b/a Royal Café alleging that on October 9, 1998, she and her husband were walking on Royal Street in New Orleans when they decided to dine at the Royal Café located at 700 Royal Street. Plaintiff alleges that as she was entering the restaurant, a defect in the doorway caused her to trip and fall, resulting in serious damage to her right shoulder that required surgery. According to the petition, a design and construction defect existed in the entrance to the Royal Café because the bottom of the door closed in a manner that hid half of the first step. *585 Because of this alleged defect, plaintiff did not realize that she had to step up twice as high as it appeared before she opened the door. She said there was only a very small sign stating, “Watch your step” to warn patrons of the higher than normal step, and this sign was not in the line of vision for patrons entering the restaurant.
| ^Plaintiffs petition alleges that Royal Foods, Inc. d/b/a Royal Café (“Royal”) was responsible for the maintenance and operation of the restaurant and had a duty to warn patrons of the defect that caused plaintiff to fall. The petition alleges that LaBranche Properties, Inc. (“LaBranche”) owns and maintains the premises located at 700 Royal Street, and was also responsible for the defect that caused plaintiff to fall. Plaintiff filed a supplemental and amending petition for damages, adding as a defendant Interstate Fire and Casualty Company, the liability insurer of Royal.
LaBranche filed a motion for summary judgment, arguing that it is entitled to judgment in its favor because there is no genuine issue of material fact. In support of its motion, LaBranche filed a memorandum, a statement of undisputed material facts, the Lease of Commercial Property between LaBranche and Royal Foods for the premises located at 700-706 Royal Street, the affidavit of Mr. Alvin Lambert, an officer of LaBranche and Royal Foods, and a copy of the Vieux Carre Commission’s On-Line Design Guidelines.
The trial court granted the motion for summary judgment filed by LaBranche, and dismissed plaintiffs claims against it with prejudice. Plaintiff filed a motion for new trial, which was denied. The trial court properly certified its judgment granting summary judgment in favor of LaBranche as a final, appealable judgment. This appeal followed.
Before addressing the arguments on appeal, we note that LaBranche and Royal also filed a joint motion for summary judgment, which was denied by the Rtrial court. The record designated on appeal shows that plaintiff filed exhibits and a memorandum in opposition to the joint motion for summary judgment, but did not file a memorandum or any exhibits in opposition to the motion for summary judgment filed by LaBranche solely. The only judgment being reviewed by this Court in this appeal is the granting of summary judgment in favor of LaBranche. Therefore, arguments regarding the trial court’s denial of LaBranche and Royal’s joint motion for summary judgment are not properly before this Court in this appeal.
On appeal, the plaintiff argues that the trial court erred in granting La-Branche’s motion for summary judgment. Plaintiff argues that there is a genuine issue of material fact as to whether La-Branche knew of the alleged defect in the property because LaBranche and Royal have the same corporate officer. Therefore, plaintiff argues that if Royal knew of the defect, then LaBranche must have known of the defect.
LaBranche maintains that summary judgment was appropriately granted in its favor because it had no knowledge of any alleged defect or vice on the premises, and furthermore, Royal assumed all responsibility for the condition of the leased premises pursuant to the commercial lease between LaBranche and Royal.
The trial court did not issue written reasons for judgment, but in comments made prior to granting summary judgment in LaBranche’s favor, the court stated that it agreed with counsel for. LaBranche’s argument that La. R.S. 9:3221 allows a Rlessor to shift its liability for defects in its property to -its lessee, and that the lessor did so in its lease with its lessee, Royal.
*586 The standard of appellate review for summary judgments is de novo. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). Louisiana Code of Civil Procedure article 966(C) states:
(1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
La. R.S. 9:3221, entitled, “Assumption of responsibility by lessee; liability of owner,” states as follows:
Notwithstanding the provisions of Louisiana Civil Code Article 2699, the owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
| fiThe lease between LaBranche and Royal Foods included the following provision:
Lessee assumes responsibility for the condition of the premises and Lessor will not be responsible for damage caused by leaks in the roof, by bursting of pipes by freezing or otherwise, or by any vices or defects of the leased property, or the consequences thereof, except in the case of positive neglect or failure to take action toward the remedying of such defects within reasonable time after having received written notice from Lessee of such defects and the damage caused thereby. Should Lessee fail to promptly so notify Lessor, in writing of any such defects, Lessee will become responsible for any damage resulting to Lessor or other parties.
To establish liability on the part of a lessor who has shifted responsibility for the condition of his property to his lessee under La. R.S. 9:3221, a plaintiff must establish that (1) he or she sustained damages; (2) that there was a defect in the property; and (3) that the lessor knew or should have known of the defect. Smith v. French Marked, Corporation, 2003-1412, p. 5 (La.App. 4 Cir. 10/6/04), 886 So.2d 527, 530, writ denied, 2004-2741 (La.1/14/05), 889 So.2d 272, citing Robinson v. Archdiocese of New Orleans, 98-1238, p. 4 (La. App. 4 Cir. 3/31/99), 731 So.2d 979, 981.
In support of her argument that there is a genuine issue of material fact as to whether LaBranche knew of the alleged defect in the property because LaBranche and Royal have the same corporate officer, plaintiff cites the affidavit of Mr. Alvin Lambert. In the affidavit, Mr. Lambert states that he is an officer of both La-Branche and Royal, and further states, “In my capacity as an officer of Royal Café, I have personal knowledge and am generally familiar with the matters set forth herein.” *587 Plaintiff notes that Mr. Lambert describes his personal knowledge of |fithe physical condition of the property, the renovation history of the property and asserts knowledge of construction standards.
LaBranche also cites Mr. Lambert’s affidavit in support of its argument that summary judgment is appropriate in this case. Specifically, LaBranche points to Mr. Lambert’s statement that he is unaware of any vice or defect in the step leading into and out of Royal Café. Furthermore, Mr. Lambert stated that since 1983, there have been no “accidents, slips and/or trip and falls” at or on the step leading into Royal Café.
The lease between LaBranche and Royal states that the lessee (Royal) is responsible for defects on the leased property unless it notifies the lessor (LaBranche) in writing of such defects and the damage caused thereby. Plaintiff cites the case of Smith v. Jack Dyer & Associates, Inc., 633 So.2d 694 (La.App. 1 Cir.1993), which also involved a lease agreement requiring the lessee to notify the lessor in writing of defects on the leased premises. The First Circuit interpreted La. R.S. 9:3221 to mean that a property owner will remain liable for any defect of which he received notice but failed to remedy within a reasonable time even if the notice was not in writing.
In this case, the affidavit of Mr. Lambert establishes that LaBranche had no notice of any kind of a defect in the property. Plaintiff did not present any evidence, through affidavit or otherwise, to controvert Mr. Lambert’s affidavit. Thus, LaBranche established the absence of factual support for an essential element of plaintiffs claim, i.e. that LaBranche knew or should have known of the alleged defect. Plaintiff did not thereafter produce factual support sufficient to establish that she would be able to satisfy her evidentia-ry burden of proof at trial. [./Therefore, there is- no genuine issue of material fact, and summary judgment was appropriately granted in favor of LaBranche.
For the reasons stated above, we affirm the trial court judgment.
AFFIRMED.