688 So.2d 187 (1997)
Armand DUMESTRE, III
v.
HANSELL-PETETIN, INC., XYZ Insurance Company, Francis Flanders and ABC Insurance Company.
No. 96-CA-1778.
Court of Appeal of Louisiana, Fourth Circuit.
January 29, 1997.
*188 Patricia D. Miskewicz, New Orleans, for Plaintiff/Appellant.
Margaret Bradley, Law Offices of Robert E. Birtel, Metairie, for Appellee C.P. Rome, Inc., d/b/a Rowley Company/Hansel-Petetin.
Before KLEES, LOBRANO and ARMSTRONG, JJ.
LOBRANO, Judge.
Plaintiff, Armand Dumestre, III, appeals a summary judgment granted in favor of defendant, C.P. Rome, Inc. d/b/a Rowley Co./Hansell Petetin ("C.P.Rome, Inc."). We affirm.
On June 27, 1994, plaintiff was within the course and scope of his employment with C.P. Rome, Inc. when he suffered injuries after tripping on a torn carpet and falling at the company's offices. Plaintiff filed suit against his employer, C.P. Rome, Inc., and the owner of the building, Francis Flanders. Flanders was dismissed via summary judgment which was affirmed by this Court in Case No. 95-CA-2228 in an unpublished opinion dated February 15, 1996.
C.P. Rome, Inc. leased the building where the accident occurred from Flanders. The lease agreement in effect at the time of plaintiff's accident contained a clause entitled "Responsibility for Damages" which provided:
Lessee assumes responsibility for the condition of the premises and Lessor will not be responsible for damage caused by leaks in the roof, by bursting of pipes by freezing or otherwise, or by any vices or defects of the leased property, or the consequences thereof, except in the case of positive neglect or failure to take action toward the remedying of such defects within reasonable time after having received written notice from Lessee of such defects and the damage caused thereby. Should Lessee fail to promptly so notify Lessor, in writing of any such defects, Lessee will become responsible for any damage resulting to Lessor or other parties.
That clause is in accord with La. R.S. 9:3221 which permits an owner to contractually shift liability for injury caused by a defect in the premises to his lessee.[1]
The record before us does not contain plaintiff's petition, nor any supplemental pleadings. However, predicated on the facts recited in our previous decision as well as the facts relied on by plaintiff in his brief, we *189 conclude that his claim is for negligence and/or a vice or defect in the premises.[2] There is no indication that plaintiff seeks redress for an intentional tort against C.P. Rome, Inc.
C.P. Rome, Inc. filed a motion for summary judgment arguing that, as plaintiff's employer, it is not liable in tort and, alternatively, that there is no defect in the premises which would make it responsible via the indemnity agreement with Flanders. C.P. Rome, Inc. relies on the exclusive remedy afforded plaintiff under La. R.S. 23:1031. In support of its motion, C.P. Rome, Inc. submitted the commercial lease agreement, the deposition of David Kirzner, an employee of Rowley Company, a division of C.P. Rome, Inc., and plaintiff's deposition. The trial judge granted the motion and dismissed plaintiff's suit. Plaintiff perfects this appeal.
Summary judgments are reviewed on appeal de novo. Smith v. Our Lady of the Lake Hospital, 93-2512 (La.7/5/94), 639 So.2d 730. The summary judgment article, La. C.C.P. art. 966, was amended by the Louisiana Legislature in 1996. See 1996 La. Acts, No. 9. The amended version of article 966 became effective on May 1, 1996 and states that the summary judgment procedure is favored and "shall be construed to accomplish these ends." We interpret the amended version of C.C.P. art. 966 to be procedural in nature and, therefore, subject to retroactive application, LSA-C.C. art. 6.
However, regardless of whether or not summary judgments are favored, the amended version of C.C.P. art. 966 does not change the law regarding the burden of proof in a summary judgment proceeding. The burden of proof remains on the mover to show "that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.C.C.P. art. 966 C. Only after the mover has met this burden may summary judgment be rendered against "an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial." La.C.C.P. art. 966 C. Therefore, if genuine issues of fact remain, this Court must still reject summary judgment even though this procedure is now favored.
On appeal, plaintiff argues that the trial court erred because C.P. Rome, Inc. is liable in tort for his injuries since it contractually assumed the liability of the building owner under the lease agreement and failed to repair the carpet that caused plaintiff's accident and injuries. Plaintiff argues that his case is an exception to Louisiana's dual capacity doctrine and cites Stelly v. Overhead Door Co. of Baton Rouge, 94-0569 (La.12/8/94), 646 So.2d 905, in support.
Stelly described the Louisiana dual capacity doctrine as follows:
Louisiana's dual capacity theory or doctrine pertains to employers with multiple relationships, connections or involvement to the employee's injury and/or the cause of the injury, which ordinarily would result in liability being imposed upon the employer by operation of law in addition to the provisions of the Worker's Compensation Act. The dual capacity doctrine limits the injured employee's recovery to worker's compensation benefits, precluding the pursuit of their tort claims against their employer.
The Stelly court held that the dual capacity doctrine is limited to situations involving liability imposed by law on an employer due to a legal capacity or status in addition to that of employer and does not encompass contractually assumed liability. Because the employer in Stelly contractually assumed the liability of the building owner for vices and defects of the premises, the plaintiffs were not precluded from pursuing a tort claim against Mr. Stelly's employer. Id.
Stelly, however, is distinguishable from the instant case because Stelly's cause of action arose before January 1, 1990, the effective date of the 1989 amendment to La. R.S. 23:1032, which provides in part:
A. (1)(a) The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable *190 sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
The accident in the instant case occurred on June 27, 1994, well after the effective date of the 1989 amendment. Although the court in Stelly failed to comment on what impact the amendment would have had in that case, we are satisfied that the dual capacity doctrine insulates the employer from tort liability where the accident occurred during the course of employment and was connected to the employment relationship. For example, in Roberts v. Orpheum Corp., 610 So.2d 1097 (La.App. 4th Cir.1992), writ denied, 616 So.2d 682 (La.1993), this Court rejected the argument of an employee who claimed that he had the right to pursue a tort claim against his employer because of his employer's contractual assumption of the liability of the owner of the building. The Court reasoned that the risk of harm to the employee in the workplace was the same whether the employer was the owner or the lessee of the premises. Id.
In Wright v. State, 93-3095 (La.7/5/94), 639 So.2d 258, our Supreme Court discussed the 1989 amendment to La.R.S. 23:1032 and explained the dual capacity doctrine as follows:
In a true dual capacity case, an employer or co-employee must wear two hats simultaneously, as is the case with a company doctor. At the time of the work-related injury, the company doctor has two relationships with the plaintiff: doctor and co-employee. Another example of dual capacity is when an employee is injured on the job using a product manufactured by his employer. In such situations, an employer's second capacity is inextricably intertwined with his capacity as employer.
The dual capacity cases where tort liability was correctly prohibited involved employers who occupied dual roles with dual responsibilities toward the employee at the time of the work-related accident.
* * * * * *
We do not believe the legislature intended the exclusive remedy provision of the Worker's Compensation Law to relieve employers from tort liability for negligence unrelated to the employment relationship. Wright v. State, 93-3095, p. 4-5 (La.7/5/94), 639 So.2d 258, 260-261.
In the instant case, the employer, C.P. Rome, Inc. was occupying dual roles with dual responsibilities toward the plaintiff at the time of the work-related accident, i.e. the employee was injured on the job in a building for which the employer had contractually assumed the liability of the building owner. This is not a situation where the employer's negligence is unrelated to the employment relationship. Plaintiff's exposure to the risk of harm he encountered was inextricably intertwined with his employment. Based on the 1989 amendment to La.R.S. 23:1032 and the jurisprudence interpreting that statute, we hold plaintiff's exclusive remedy is a claim for worker's compensation.
Plaintiff's reliance on La.R.S. 23:1101 is also misplaced. He cites R.S. 23:1101 in support of his claim that the Worker's Compensation Act seeks to insure that the tortfeasor is held responsible for the damages he or she causes, and is not permitted to escape liability because the victim is entitled to assert a claim for compensation from the employer. However, R.S. 23:1101 refers to an employee's right to pursue an action against a third party for injuries sustained on the job, not against his employer. The statute addresses a third party wrongdoer's liability and specifically states that this liability can be created in third persons "other than those persons against whom the said employee's rights and remedies are limited in R.S. 23:1032." (emphasis ours). See Roberts v. Sewerage and Water Board, 92-2048 *191 (La.3/21/94), 634 So.2d 341. In this case, the employee's rights and remedies against his employer are limited by R.S. 23:1032 as discussed above.
For these reasons, we find that summary judgment was correctly granted in favor of C.P. Rome, Inc. and plaintiff's suit against that defendant was correctly dismissed. Therefore, we affirm the trial court judgment.
AFFIRMED.
NOTES
[1] La. R.S. 9:3221 provides:

The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
[2] Plaintiff, as the appellant, is responsible for designating the record on appeal. Hanley v. Hanley, 381 So.2d 963 (La.App. 4th Cir.1980), writ denied, 383 So.2d 783 (La.1980).