731 So.2d 979 (1999)
Earnest ROBINSON, Sr. Individually, Husband of Evelyn Robinson, and Father of Earnest Robinson, Jr.
v.
The ARCHDIOCESE OF NEW ORLEANS and XYZ Insurance Company.
No. 98-CA-1238.
Court of Appeal of Louisiana, Fourth Circuit.
March 31, 1999.
*980 Wendell Gerard Armant, New Orleans, Louisiana, Attorney for Plaintiff/Appellant.
Gregory G. Gremillion, Thomas W. Darling, Windhorst, Gaudry, Ranson, Higgins & Gremillion, Gretna, Louisiana, Attorneys for Defendants/Appellees.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge MOON LANDRIEU, Judge JAMES F. McKAY, III.
McKAY, Judge.
Plaintiff, Earnest Robinson, Sr., appeals the trial court's granting of summary judgments in favor of defendants, Notre Dame Seminary and Educational Broadcasting Foundation d/b/a WLAE-TV (WLAE). We affirm.

FACTUAL SUMMARY AND PROCEDURAL HISTORY
On April 11, 1996, Earnest Robinson, Sr. was injured when he slipped on what he believed to be a liquid substance and fell down the stairs at 2929 South Carrollton Avenue. The property at 2929 South Carrollton is owned by Notre Dame Seminary and leased to WLAE-TV. At the time of the accident, Mr. Robinson was employed by WLAE-TV as a master control operator.
Mr. Robinson initially filed suit against the Archdiocese of New Orleans. He later amended his suit to name Notre Dame Seminary and WLAE-TV as defendants. The Archdiocese was voluntarily dismissed without prejudice. Notre Dame Seminary and WLAE each moved for summary judgment on separate grounds. The seminary relied upon La. R.S. 9:3221, which allows a landlord to transfer responsibility for leased premises, while WLAE relied upon the exclusive remedy provision in the workers' compensation statutes. The trial court granted summary judgment in favor of both defendants and the plaintiff perfected this appeal.

ISSUE
At issue in this appeal is whether the defendants' motions for summary judgment were properly granted.

STANDARD OF REVIEW
Summary judgments are reviewed on appeal de novo. Smith v. Our Lady of the Lake Hospital, 93-2512 (La.7/5/94), 639 So.2d 730. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any, show there is no genuine issue of material fact such that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Vermilion Corp. v. Vaughn, 397 So.2d 490, 493 (La.1981).

SUMMARY JUDGMENT AS TO WLAE
In the instant case, it is uncontroverted that Mr. Robinson was an employee of WLAE at the time of the accident. It is also uncontroverted that Mr. Robinson was in the course and scope of his employment when he fell. Ordinarily, an employee's sole remedy against his employer is found in the workers' compensation statutes. In spite of this, Mr. Robinson contends that WLAE is liable to him in tort because the lease between the station and Notre Dame Seminary calls for the tenant to assume the landlord's liability for the premises. Mr. Robinson's contention is misguided.
In pertinent part, the provisions of La. R.S. 23:1032 states:
The exclusive remedy for an employee against his employer available to an employee for injuries resulting from an accident occurring during the course and scope of his employment is in worker's compensation...
This exclusive remedy is exclusive of all claims, including claims that may arise against his employer... under any dual capacity theory or doctrine.
This statute has been interpreted to limit an injured employee's remedy to worker's compensation despite the fact that his employer has assumed responsibility for the premises pursuant to a lease entered *981 into with the owner. Dumestre v. Hansell-Petetin, Inc., 96-1778, p. 6 (La.App. 4 Cir. 1/29/97); 688 So.2d 187, 190. In that case, our Court found that the dual capacity doctrine insulated the employer from tort liability where an accident occurred during the course of employment and was connected to the employee's relationship with his employer. Id. at 190. Applying that rationale to the instant case, we find that summary judgment was properly granted in favor of WLAE.

SUMMARY JUDGMENT AS TO NOTRE DAME SEMINARY
WLAE leased the premises where Mr. Robinson's accident occurred from Notre Dame Seminary.[1] The lease calls for WLAE to indemnify Notre Dame Seminary from claims made for injuries received on the premises. The pertinent provision of the lease reads as follows:
Lessee hereby releases, defends, indemnifies and holds Lessor harmless from any claims and demands of every kind in character whatsoever, and rights of action and causes of action of whatsoever nature resulting from or which could or may result from any accident, injury or death to persons and for any damage or destruction of property which may occur as a result of operations of Lessee on or about the leased premises.
This lease provision is clearly in accordance with La. R.S. 9:3221. That statute states:
The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be there from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it in a reasonable time.
Our Court has held that for a plaintiff to establish liability on the part of an owner who has contractually passed on responsibility for the condition of his property to his lessee under La. R.S. 9:3221, the plaintiff must establish that 1) he sustained damages; 2) that there was a defect in the owner's property; and 3) that the owner knew or should have known of the defect. Robert v. Espinosa, 576 So.2d 555 (La.App.4th Cir.); writ denied, 578 So.2d 139 (1991). In the instant case, Mr. Robinson is able to show that he suffered injuries as a result of his accident. However, he has offered no evidence to show that Notre Dame Seminary's property contained a defect. Consequently, he also failed to show that Notre Dame Seminary knew or should have known of any defect. Since Mr. Robinson is unable to show that a defect existed in the property or that Notre Dame Seminary knew or should have known of said defect, we find that the trial court was correct in granting summary judgment in favor of Notre Dame Seminary.

CONCLUSION
For the foregoing reasons, we find that the trial court was correct when it granted summary judgments in favor of both defendants. Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] In his brief, Mr. Robinson alleges that the stairwell where he fell may not have been covered by the lease. However, Mr. Robinson failed to raise this issue at the trial court level and therefore is precluded from doing so now.