| TOBIAS, Judge.
The defendants-appellants, Vera M. Nix Estate Trust[1] and the First Financial Insurance Company (“First Financial”), were made parties-defendants in this personal injury action filed by the plaintiff, Willie Hampton (“Hampton”). They originally filed a writ application with this court, 2001-C-1043, seeking review of a judgment denying their motion for summary judgment. The motion for summary judgment was orally denied on 30 March 2001, and a written judgment was signed on 5 April 2001. In the written judgment, the trial court designated the judgment as a final and appealable judgment pursuant to La. C.C.P. art. 1915B.[2] The defendants-appellants filed a notice of appeal on 17 April 2001 [3] and a notice of their intention to seek supervisory writs on 7 May 2001. On 25 April 2001, the trial court signed an order directing that the appeal be made returnable to this court on 25 April 2001. On 7 May 2001, the trial court signed an order directing that the defendants-appellants filed their writ application in this court on or before 4 June 2001. The writ application was filed in this court on 1 June 2001. This court |2refused to consider the writ because it was untimely under Rule 4-3 of the Uniform Rules of Courts of Appeal. Further, this court refused to consider a motion to consolidate the writ with the appeal, but ordered that the appeal be put on the summary docket.
FACTS
On 21 June 1999, Hampton filed a personal injury action against the Succession of Vera Matter Nix and First Financial seeking damages allegedly sustained in an explosion that occurred on 23 June 1998. The explosion occurred when the plaintiff attempted to light a gas heater in a house that he had recently rented from the defendant-appellant, Vera M. Nix Estate Trust. He had not placed the utilities in his name. Instead, he elected to turn the gas on at the meter himself and attempted to light the water heater. He alleged that prior to attempting to light the gas heater, he had checked all the visible gas connec *902 tions in the house. He then crawled under the house and turned on the gas meter. Unbeknown to him, a rusted gas connection had not been capped under the kitchen floor, which floor had recently been replaced. The floor had been installed over the hole through which the gas pipe would have entered the house. Hampton therefore could not smell the gas that was leaking under the house. Thus, when he attempted to light the gas heater, the gas was ignited, causing an explosion that injured him. He filed the instant action seeking damages.
In response to Hampton’s action, the defendants-appellants filed a motion for summary judgment. They alleged that Hampton could not prevail in the action because the lease agreement between the plaintiff and the Vera M. Nix Estate Trust contained an indemnity clause that relieved the lessor/owner of all claims for | sdamages, including the owner’s negligence. Attached to the defendants-appellants’ motion for summary judgment was a copy of the lease agreement and excerpts from a deposition given by Hampton. The defendants-appellants filed a reply to the opposition attaching additional excerpts from Hampton’s deposition, as well as affidavits from a representative of the property manager of the premises and the real estate advisor for the real estate company that handled the rental of the property. Following a hearing, the trial court orally denied the motion for summary judgment and subsequently issued the written judgment designating the judgment as final and appealable.
Because no appeal is available to the defendants-appellants to review the denial of their motion for summary judgment, given the posture of this case, the defendants-appellants filing their appeal within thirty days of the oral rendition of judgment, and the interests of judicial economy, we convert this appeal to an application for supervisory writs. La. C.C.P. art. 2164.
In Robinson v. Archdiocese of New Orleans, 98-1238 (La.App. 4 Cir. 3/31/99), 731 So.2d 979, the plaintiff was injured when he slipped on what he believed to be a liquid substance and fell down the stairs at 2929 South Carrollton Avenue. The property at 2929 South Carrollton was owned by Notre Dame Seminary and leased to WLAE-TV. At the time of the accident, Mr. Robinson was employed by WLAE-TV as a master control operator. He initially filed suit against the Archdiocese of New Orleans. He later amended his suit to name Notre Dame Seminary and WLAE-TV as parties-defendants. The Archdiocese was voluntarily dismissed without prejudice. Notre Dame Seminary and WLAE each moved for summary judgment on separate grounds. The seminary relied upon La. R.S. 9:3221, which permits a landlord to transfer responsibility for the condition of pleased premises, while WLAE relied upon the exclusive remedy provision in the workers’ compensation statutes. The trial court granted summary judgment in favor of both defendants, and the plaintiff appealed.
This court affirmed stating:
-WLAE leased the premises where Mr. Robinson’s accident occurred from No-tre Dame Seminary. The lease calls for WLAE to indemnify Notre Dame Seminary from claims made for injuries received on the premises. The pertinent provision of the lease reads as follows:
Lessee hereby releases, defends, indemnifies and holds Lessor harmless from any claims and demands of every kind in character whatsoever, and rights of action and causes of action of whatsoever nature resulting from or which could or may result from any accident, injury or death to persons *903 and for any damage or destruction of property which may occur as a result of operations of Lessee on or about the leased premises.
This lease provision is clearly in accordance with La. R.S. 9:3221. That statute states:
The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be there from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it in a reasonable time.
Our Court has held that for a plaintiff to establish liability on the part of an owner who has contractually passed on responsibility for the condition of his property to his lessee under La. R.S. 9:3221, the plaintiff must establish that 1) he sustained damages; 2) that there was a defect in the owner’s property; and 3) that the owner knew or should have known of the defect. Robert v. Espinosa, 576 So.2d 555 (La.App. 4th Cir.); ynit denied, 578 So.2d 139 (1991). In the instant case, Mr. Robinson is able to show that he suffered injuries as a result of his accident. However, he has offered no evidence to show that Notre Dame Seminary’s property contained a defect. Consequently, he also failed to show that Notre Dame Seminary knew or should have known of any defect. Since Mr. Robinson is unable to show that a defect existed in the property | Ror that Notre Dame Seminary knew or should have known of said defect, we find that the trial court was correct in granting summary judgment in favor of Notre Dame Seminary. Robinson, 98-1238 at pp. 2-4 (La.App. 4 Cir. 3/31/99), 731 So.2d at 980-981.
In the case at bar, the indemnity agreement provided:
Tenant agrees to save and hold owner and his agents harmless from any claims for any damages whatsoever arising from any cause, including owner’s negligence. Nor shall owner be liable to tenants for any loss or damage to tenant’s property or effects arising from any cause whatsoever, including owners’ negligence. Tenant expressly absolves owner and his agents of any and all liability for damages caused by leaking pipes or other causes, and does distinctly understand that if such liability existed, it .is agreed that the amount of damages is $100.00 and no more.
The lease further provided:
Lessee assumes responsibility for the condition of the leased premises. Lessee has seen the inside of the premises and understands apartment rents in “AS IS” condition.
As in Robinson, the defendants-appellants rely on La. R.S. 9:3221. Here, unlike Robinson, however, the trial court found that material issues of genuine fact still existed. We agree. Given that the Vera M. Nix Estate Trust had just renovated the apartment, put down a new floor covering a hole where a gas pipe formerly entered the premises, and would necessarily have had to have the gas turned off, a genuine issue of material fact exists as to whether they knew or should have known of the defect. Putting aside the issues of whether the indemnity provision of the lease is a proper exercise by the lessor of its rights to transfer liability to the lessee under La. R.S. 9:3221 and whether Hampton was only accepting responsibility for the condition of the premises inside the dwelling as opposed to the uncapped gas connection under the kitchen floor (which by implica *904 tion is outside the premises), we find the trial court did not err in denying the motion for summary judgment.
| ^Accordingly, we grant the supervisory writs and affirm the judgment of the trial court.

APPEAL CONVERTED TO WRIT; WRIT GRANTED; AFFIRMED.

. Technically, the proper party-defendant is Stephen C. Hartel, Jr. as trustee of the Vera M. Nix Estate Trust. Therefore, we hereinafter refer to Mr. Hartel in his capacity as trustee as the "Vera M. Nix Estate Trust.”

. The denial of a motion for summary judgment is interlocutory and is not subject to appeal. It was error for a party's counsel to request that the judgment be made appealable and error for the trial court to sign a judgment making the judgment appealable.

.See footnote 2.