886 So.2d 527 (2004)
George SMITH, Jr.
v.
FRENCH MARKET CORPORATION, et al.
No. 2003-CA-1412.
Court of Appeal of Louisiana, Fourth Circuit.
October 6, 2004.
*528 John B. Fox, Robert W. "Doc" Booksh, Jr., John Fox & Associates, L.L.C., New Orleans, Counsel for Plaintiff/Appellant.
Gerald A. Melchiode, Scott J. Bradley, Galloway, Johnson, Tompkins, Burr & Smith, New Orleans, Counsel for Plaintiff/Appellee, Cafe Gumbolaya, LLC.
Howard B. Kaplan, Bernard, Cassisa, Elliott & Davis, Metairie, Counsel for Defendant/Appellee, French Market Corporation and Acceptance Insurance Company.
Court composed of Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO Jr.
LOMBARD, J.
The plaintiff appeals from summary judgment rendered in favor of defendant/appellee French Market Corporation and third-party defendant/appellee Cafe Gumbolaya, L.L.C. After de novo review, we affirm the judgment of the trial court.

Relevant Facts and Procedural History
The French Market Corporation ("FMC") is a leasing entity for the City of New Orleans.[1] On November 17, 1993[2], FMC entered into an agreement with the The Fish Market, Inc., for a commercial building.[3] The lease was subsequently assigned to Cafe Gumbolaya, a locally owned restaurant, with all pertinent provisions remaining intact.
Provision XI of the lease agreement, entitled "Maintenance and Repair," states in relevant part:

*529 Tenant's Duties: By entry hereunder, Tenant acknowledges that the Leased Premises and appurtenances are in good, clean and sanitary order and repair. Tenant, at his expense, shall maintain in good order and repair, including necessary replacements, the entire front entrance and all portions of the interior of the Leased Premises and appurtenances, including, without limitations, floor structures, exposed electrical and plumbing pipes, lines and fixtures, utility installations, doors and windows.
Provision XIX of the lease agreement, entitled "Indemnification," states in relevant part:
Tenant covenants that he will hold and save Landlord harmless of and from any and all loss, cost, liability, damage or expense, including, without limitation, attorney's fees and disbursements, caused by or arising from or in connection with injury or death of persons or damage to property in, upon or about the leased Premises or caused by or arising from or in connection with activities conducted thereon, or any act or omission of Tenant including with [sic] limitation, injury or death to Tenant, his agents, employees, licensees and invitees and damages to their property; provided, however, that Tenant shall not be required to indemnify Landlord for any damage or injury of any kind arising out of negligence or intentional acts of Landlord, its agents or employees.
On December 16, 1996, George Smith, Jr., a cook in the kitchen of Cafe Gumbolaya, lost his balance and fell as he attempted to empty a seven-gallon pot of boiling water and pasta into a utility sink. On December 10, 1997, he filed suit against FMC[4] and the City of New Orleans,[5] alleging that the floor of the kitchen was unreasonably dangerous because it was flat and constructed of excessively slippery material and that the defendants had actual and constructive notice of these defects. On July 17, 1998, FMC filed a third-party demand against Gumbolaya, L.L.C, d/b/a Cafe Gumbolaya ("Gumbolaya") and its insurer Essex Insurance Company ("Essex"). Gumbolaya and FMC filed separate motions for summary judgment seeking dismissal of the appellant's claims against FMC, alleging that pursuant to the lease agreement FMC contractually relinquished any alleged defects within the leased premises and, accordingly, summary judgment was appropriate because the undisputed evidence clearly established that FMC had no knowledge or notice of the alleged defect as required by La.Rev.Stat. 9:3221. Following a hearing on the motions, the trial court rendered a written judgment on May 9, 2003, granting both motions for summary judgment and dismissing the plaintiff's claims against FMC.

Discussion
On appeal, motions for summary judgment are reviewed de novo, using the same criteria governing trial court consideration of whether summary judgment is appropriate. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La.1991); Spicer v. Louisiana Power & Light Co., 97-2406 (La.App. 4 Cir. 4/8/98); 712 So.2d 226, 227. Because summary judgment is now favored in Louisiana, the rules regarding such judgments should be liberally applied[6]. Spicer, 712 So.2d at *530 227. The test for whether or not summary judgment is appropriate in this case is found in Article 966(C) of the Louisiana Code of Civil Procedure, which states:
(1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted. (2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
La.Code Civ. Proc. art. 966.
In the instant case, it is uncontroverted that the plaintiff/appellant was an employee of Cafe Gumbolaya in the course and scope of his employment when the accident occurred and, ordinarily, an employee's sole remedy is found in the workers' compensation statutes.[7] The plaintiff in this case seeks to circumvent the statutory workers' compensation scheme by filing suit against his employer's lessor and, thus, this court must determine whether there is any genuine issue of material fact concerning liability of the lessor.
To establish liability on the part of a lessor who has passed on responsibility for the condition of his property to his lessee under La.Rev.Stat. 9:3221, a plaintiff must establish that (1) he sustained damages; (2) that there was a defect in the property; and (3) that the lessor knew or should have known of the defect. Robinson v. Archdiocese of New Orleans, XXXX-XXXX, p. 4 (La.App. 4 Cir. 3/31/99), 731 So.2d 979, 981; see also Marcades v. Cleanerama, Inc., XXXX-XXXX, p. 3 (La.App. 4 Cir. 9/25/02), 831 So.2d 288, 289 (there appear to be two factual inquiries: first, was there a defect in the property; second, did the lessor know or should he have known of the said defect). La.Rev.Stat. 9:3221, which is entitled, "Assumption of responsibility by lessee; liability of owner," states:
The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
In support of their motions for summary judgment, appellees submit (1) *531 the pertinent lease agreements; (2) deposition testimony of the plaintiff/appellant stating that there was no water on the floor at the time of his accident and that to his knowledge no one else had ever slipped on the kitchen floor; (3) the deposition testimony of Steven Hand, executive director of FMC, who stated that he knew of no structural defects prior to leasing the premises to Gumbolaya, that under the terms of the lease the lessee was responsible for inspecting the premises to insure it was in a safe and appropriate condition for operation of a restaurant prior to taking possession of the premises, and that FMC knew of no other persons who were allegedly injured due to the condition of the floor; (4) the affidavit of Tammy Shield, kitchen manager for Gumbolaya, who stated that Gumbolaya's employee's were responsible for the floor in the kitchen and that, other than the plaintiff's slip and fall, she was unaware of any accidents that were allegedly caused by the slipperiness of the kitchen floor; and (6) the deposition testimony of Gerald Senner, owner of Gumbolaya, who stated that he never made any complaints to FMC about the condition of the kitchen floor. This evidence supports a finding that there is an absence of factual support for one or more elements of plaintiff/appellant's claim, i.e., whether there was a defect in the property and whether FMC knew or should have known of the defect.
Accordingly, under La.Code Civ. Proc. art. 966, to survive the appellees' motions for summary judgment, the plaintiff/appellant must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, i.e., that there was a defect in the property and that FMC knew or should have known of the defect. To meet this burden, the plaintiff/appellant submits deposition testimony of Donald Maginnis, a licensed architect, who opines that the kitchen floor is defective because glazed tile flooring is inappropriate for kitchen use and the floor lacks a positive slope to drain, and deposition testimony of Robert Lipp, a mechanical engineer, who opines that the kitchen floor does not have the minimum coefficient of friction. We need not determine whether this evidence is sufficient to prove a defect for which the lessor would be liable because there is no evidence that FMC knew or should have known of the alleged defect.

Conclusion
Because we find no evidence in the record that the plaintiff/appellant can meet his burden of proving liability on the part of FMC at trial, i.e., that FMC knew or should have known of the alleged defect, we affirm the trial court's ruling.
AFFIRMED.
NOTES
[1] City-owned property is leased to FMC which then subleases the property to various entities.
[2] We note that, although the lease agreement was executed on November 17, 1993, Section I of the lease states that "[t]he term `Commencement Date of the Lease' means November 1, 1980."
[3] The lease agreement makes no reference to a street or postal address, describing the property as 4292 square feet "adjacent to Building E on the upriver or St. Philip Street side." Plaintiff's petition indicates that the premises are located at 1000 N. Peters.
[4] By amended petition filed on December 12, 1997, Acceptance Insurance Company (FMC's insurer) was named as a defendant.
[5] The record indicates that The City of New Orleans has filed an exception for dismissal from this suit
[6] See also La.Code Civ. Proc. art. 966(A)(2). "Summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action ... The procedure is favored and shall be construed to accomplish these ends."
[7] In pertinent part, the provisions of La.Rev.Stat. 23:1032 states: "The exclusive remedy for an employee against his employer available to an employee for injuries resulting from an accident occurring during the course and scope of his employment is in worker's compensation...." This statute has been interpreted to limit an injured employee's remedy to workers' compensation despite the fact that his employer has assumed responsibility for the premises pursuant to a lease. Dumestre v. Hansell-Petetin, Inc., 96-1778, p. 6 (La.App. 4 Cir. 1/29/97), 688 So.2d 187, 190.