FREDERICKA HOMBERG WICKER, Judge.
 

 | sIn these consolidated appeals, defendant/appellant Atlantic Specialty Insurance Co. (“Atlantic”) appeals an August 31, 2009 judgment confirming a judgment of default in favor of plaintiff/appellee Joy Claudio
 
 [1]
 
 and intervenor/appellee Hartford Underwriters Insurance Company (“Hartford”). Atlantic specifies the following errors to the proceedings below: (1) there is no competent proof of citation and service
 
 *904
 
 of the petition upon Atlantic, (2) Mr. Claudio’s exclusive remedy lies in workers’ compensation, (3) Mr. Claudio and Hartford introduced insufficient evidence to establish a prima facie case to support a default judgment, and (4) the trial court illegally awarded Hartford workers’ compensation intervention payments.
 

 Defendant/appellant Silla Cooling Systems appeals a March 2, 2010 judgment denying its Petition to Annul Default Judgment and overruling an |4exception of no right of action and an exception of lack of subject matter jurisdiction. Silla contends that the trial court erred in denying the Petition and overruling the exceptions because Mr. Claudio’s exclusive remedy lies in workers’ compensation. Silla additionally contends that the trial court did not have subject matter jurisdiction to render judgment against it because Mr. Claudio’s exclusive remedy lies in workers’ compensation.
 

 We agree that Mr. Claudio’s and Hartford’s exclusive remedy lies in workers’ compensation. Accordingly, we vacate the August 31, 2009 judgment confirming the default against Atlantic. We also vacate the March 2, 2010 judgment denying Silla’s Petition to Annul Default Judgment and overruling Silla’s exceptions. We render judgment dismissing 24th J.D. C. case number 652-699 as the District Court lacks subject matter jurisdiction.
 

 FACTS AND PROCEDURAL HISTORY AS TO BOTH DEFENDANTS
 

 Mr. Claudio filed a petition for damages on November 2, 2007. The petition alleged the following: (1) on November 3, 2006, Mr. Claudio was employed by Silla Cooling Systems, (2) while Mr. Claudio was attempting to close a garage door at Silla’s warehouse, the door broke, struck him in the head, and caused him to suffer immediate and severe injury, (3) Mr. Claudio was injured in the course and scope of his employment with Silla, (4) the warehouse wherein Mr. Claudio was injured was owned by John Trapén d/b/a Moisant Enterprises, LLC and leased to Silla, and (5) at all relevant times Silla had a comprehensive general liability insurance policy with Atlantic Specialty Insurance Co.
 

 Silla and Atlantic were named as defendants. Hartford thereafter filed a petition of intervention contending that it had paid Mr. Claudio workers’ | r,compensation benefits in the amount of $1,172.45 and that it was subrogated to the rights of the plaintiff to the extent of those payments.
 

 Neither Silla nor Atlantic answered the petition. On June 2, 2009, the trial court entered a preliminary default judgment against Silla and Atlantic. Mr. Claudio thereafter moved to confirm the preliminary default. At the confirmation hearing, counsel for Mr. Claudio introduced several exhibits into the record, including the commercial lease agreement wherein John Trapén d/b/a Moisant Enterprises, LLC leased the warehouse where Mr. Claudio was injured to Silla Cooling Systems. The lease agreement between John Trapén d/b/a Moisant Enterprises, LLC and Silla provided in pertinent part:
 

 Lessee assumes responsibility for the condition of the premises and Lessor will not be responsible for damages caused by leaks in the roof by bursting of pipes by freezing or otherwise, or by any vices or defects of the leased property, or the consequences thereof, except in the case of positive neglect or failure to take action toward the remedying of such defects within reasonable time after having received written notice from Lessee of such defects and the damage caused thereby.
 

 This clause is in accord with La.R.S. 9:3221, which permits a premises owner to contractually shift liability for injury
 
 *905
 
 caused by a defect in the premises to his lessee.
 
 [2]
 

 At the conclusion of the confirmation hearing, the trial court confirmed the preliminary default. By judgment dated August 31, 2009, the trial court awarded Mr. Claudio $12,000.00 in general damages, $12,838.92 in lost wages, $3,151.00 in medical expenses, $6,331.53 in workers’ compensation intervention, and judicial interest and court costs. Atlantic appealed from that judgment.
 

 ROn October 12, 2009, Silla filed a Petition to Annul Default Judgment contending that the trial court had no jurisdiction to confirm a default against it because Mr. Claudio’s and Hartford’s exclusive remedy lies in workers’ compensation. Silla also filed an exception of no cause of action and an exception of lack of subject matter jurisdiction making similar arguments. At the conclusion of the hearing on the Petition and the exceptions on March 2, 2010, the trial court concluded:
 

 It presents an interesting point. I think that the contract between the employer and the owner of the property takes away the right of the plaintiff to sue the property owner, he’s stepping into is [sic] shoes, so I’m going to deny your petition for nullity.
 

 On April 5, 2010, the trial court issued a judgment denying the Petition to Annul Default Judgment and overruling the exceptions of no right of action and lack of subject matter jurisdiction. Silla and Atlantic each separately appealed that judgment. We later consolidated Silla’s and Atlantic’s appeals.
 

 WORKERS’ COMPENSATION IMMUNITY
 

 We will consider these assignments of error first because both Silla and Atlantic raised the assignment on appeal and because a determination that the trial court did not have subject matter jurisdiction will end our review. La.C.C.P. art. 3;
 
 Landrum v. Board of Com’rs of the Orleans Levee Dist.,
 
 95-1591 (La.App.4 Cir. 11/27/96), 685 So.2d 382, 387. Silla contends on appeal that the trial court erred in confirming a default against it because Mr. Claudio’s exclusive remedy lies in workers’ compensation. The argument follows that the trial court was without subject matter jurisdiction to rule on Mr. Claudio’s claims. Alternatively, Silla contends that the trial court erred in overruling its exceptions of no cause of action and lack of subject matter jurisdiction because it is entitled to workers’ compensation immunity. Atlantic similarly contends that the trial court erred in | confirming the preliminary default against it because it is entitled to workers’ compensation immunity-
 

 La.R.S. 23:1032 pertinently provides:
 

 A. (l)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are creat
 
 *906
 
 ed by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder,- partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
 

 (b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer; director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
 

 (emphasis added)
 

 Silla and Atlantic contend that Mr. Claudio is asserting a tort claim against his employer as a lessee under a “dual capacity theory” and that his exclusive remedy therefore lies in workers’ compensation. Mr. Claudio concedes that his tort claim arises under the dual capacity theory. Mr. Claudio contends that the exclusivity provision does not apply here because Silla contractually assumed all responsibility for the condition of the property and agreed to insure the property and Atlantic as an additional insured.
 

 Black’s Law Dictionary
 
 defines “dual-capacity doctrine” as “[t]he principle that makes an employer—who is normally shielded from tort liability by workers’compensation laws—liable in tort to an employee if the • employer and employee stand in a secondary relationship that confers independent obligations on the employer.” Black’s Law Dictionary (8th Ed.2004). This definition was adopted by the Third Circuit in
 
 Bates v. King,
 
 2004-1564 (La.App. 3 Cir. 11/2/05), 915 So.2d 1037.
 

 The dual capacity theory or doctrine cited in La. R.S. 23:1032 was discussed by the Louisiana Supreme Court in
 
 Stelly v. Overhead Door Co. of Baton Rouge,
 
 94-0569 (La.12/8/94), 646 So.2d 905, 910, as follows:
 

 Louisiana’s dual capacity theory or doctrine pertains to employers with multiple relationships, connections or involvement to the employee’s injury and/or the cause of the injury, which ordinarily would result in liability being imposed upon the employer by operation of law in addition to the provisions of the Worker’s Compensation Act. The dual capacity doctrine limits the injured employee’s recovery to worker’s compensation benefits, precluding the pursuit of their tort claims against their employer.
 

 Accordingly, La.R.S. 23:1032 bars suits by employees against them employers, and those others grouped with employers, such as officers and stockholders, under a dual capacity theory. In such a case, “an employer’s second capacity is inextricably intertwined with his capacity as employer.”
 
 Wright v. State,
 
 93-3095 (La.7/5/94), 639 So.2d 258, 260.
 

 Mr. Claudio chiefly relies on
 
 Stelly v. Overhead Door Co. of Baton Rouge, supra,
 
 for the proposition that Silla and Atlantic are not entitled to workers’ compensation immunity. In
 
 Stelly,
 
 the plaintiff worked for U.P.S. as a mechanic in Opelousas, Louisiana. U.P.S. was the lessor of the building. The lease agreement between U.P.S. and the building owner contained a provision in which U.P.S. expressly relieved the owner of any liability arising from defects in the premises, as is the case here. The
 
 Stelly
 
 plaintiff was injured while manually attempting to raise an overhead door.
 
 Id.
 
 at 908. The plaintiff filed a workers’ compensation claim against U.P.S. The plaintiff and his wife also filed tort suit against U.P.S. contend
 
 *907
 
 ing that U.P.S. assumed the building owner’s liability for premises defects in the lease under La.R.S. 9:2222.
 
 Id.
 
 at 908-09. The plaintiff contended that ^because U.P.S. assumed liability for defects in the premises, it was liable in tort as well as under the Louisiana Workers’ Compensation Act.
 
 Id.
 
 at 909.
 

 The trial court granted a 'motion for summary judgment filed by U.P.S. The court of appeal affirmed.
 
 Stelly v. Overhead Door Co. of Baton Rouge,
 
 93-278 (La.App. 3 Cir. 2/2/94); 631 So.2d 698. The Louisiana Supreme Court granted writs “to determine whether Act 454 of 1989 is interpretative legislation which applies retroactively to the facts of this case and, if not, whether the limitative effects of the pre-amendment version of LSA-R.S. 23:1032 can be interpreted to shield an employer that contractually assumes the liability of an otherwise liable third party, from an unintentional tort action by its injured employee.”
 
 Stelly,
 
 646 So.2d at 909.
 

 The supreme court found that “[t]he dual capacity doctrine ... has never encompassed
 
 contractually assumed
 
 liability. It has consistently been limited to situations involving
 
 liability imposed by law
 
 due to a legal capacity or status in addition to that of employer.”
 
 Id.
 
 at 911 (emphasis in original). The Court concluded that “application of Louisiana’s traditional dual capacity doctrine to the facts of this case would not preclude the Stelly’s tort suit against UPS.”
 
 Id.
 

 However, as is apparent from the Supreme Court’s expressly stated reason for granting writs, the
 
 Stelly
 
 court was interpreting an earlier version of La.R.S. 23:1032.
 
 [3]
 
 The legislature amended La. R.S. 23:1032 by 1989 LaActs No. 454, § 2, effective January 1, 1990, which added subsection La.R.S. 23:1032(A)(l)(b) to the statute. This amendment excluded all claims by an employee brought against an employer under any theory of “dual capacity.” In
 
 Stelly,
 
 the Supreme Court expressly “decline[d] to address the impact of the post-amendment version on this | inaction and/or whether the statute refers to Louisiana’s traditional dual capacity doctrine or a more expansive version of the doctrine.”
 
 Id.
 
 at 909.
 

 Post-Stelly,
 
 the vast majority of courts have held that the amended version of R.S. 23:1032 precludes
 
 any
 
 tort claim against an employer, even against an employer who has contractually assumed the owner’s liability, as is the case here. The case arising out of this Court with facts most similar to the facts in this case is
 
 Dufrene v. Insurance Co. of Pennsylvania,
 
 01-47 (LaApp. 5 Cir. 5/30/01), 790 So.2d 660. Strangely enough, the
 
 Dufrene
 
 plaintiff was also a U.P.S. employee. She was injured in the course and scope of her employment when she fell off a ramp intended for handicapped access to the building where she worked. U.P.S. did not own the building in question, rather, U.P.S. leased the building from 155 Brook-hollow Associates.
 
 Id.
 
 at 663. The lease between Brookhollow Associates and U.P.S. provided that U.P.S. would assume “responsibility for the condition, operation, repair, replacement, maintenance and management of the entire property.”
 

 The plaintiff filed suit against U.P.S. and Brookhollow Associates. Before the case was submitted to the jury for deliberations, U.P.S. filed a peremptory exception of no cause of action contending that the exclusive remedy for the plaintiff against U.P.S. was in workers’ compensation under La.R.S. 23:1032.
 
 Id.
 
 at 664. The trial court orally denied the exception. The
 
 *908
 
 jury determined that U.P.S. and Brookhol-low Associates were not at fault in causing the plaintiffs injuries, however, the trial court granted a motion for judgment notwithstanding the verdict and rendered judgment in favor of the plaintiff. The trial court assessed sixty percent of the fault to Brookhollow Associates and forty percent of the fault to U.P.S.
 
 Id.
 

 |uOn appeal, U.P.S. contended that the trial court erred in denying its exception of no cause of action.
 
 Id.
 
 at 668. We agreed, holding “that the legislature intended to exclude all non-intentional tort claims of an employee against an employer for injuries which result from the conditions of the employer’s premises.”
 
 Id.
 
 at 669. We reversed the part of the trial court’s judgment which awarded damages to the plaintiff against U.P.S. as lessee of the building.
 
 Id.
 
 at 670.
 

 Similarly, in
 
 Hesse v. Champ Service Line,
 
 97-1090 (La.App. 8 Cir. 2/4/98), 707 So.2d 1295, an employee sued his employer after he was electrocuted at work. He claimed the injury occurred as a result of the failure to install equipment to prevent such injuries. He sued his employer, claiming his employer had assumed liability for defects in the premises from the ownerAessor of the building pursuant to La.R.S. 9:3221. The Third Circuit held that
 
 Stelly
 
 was not controlling and that “[t]he dual capacity doctrine has been legislatively abrogated.”
 
 Id.
 
 at 1297. The Third Circuit additionally determined that the employee’s exclusive remedy was in workers’ compensation. Other cases with similar facts have reached the same conclusion.
 
 See, e.g., Gaspard v. Graves,
 
 2005-1042 (La.App. 1 Cir. 3/29/06), 934 So.2d 158 (sole owners of employer of claimant had leased personally-owned premises to employer, but claimant who was injured by alleged defect on those premises was unsuccessful in attempt to proceed under dual capacity theory);
 
 Robinson v. Archdiocese of New Orleans,
 
 1998-1238 (La.App. 4 Cir. 3/31/99), 731 So.2d 979 (employee could not sue employer in tort, even though employer as lessee of building had assumed responsibility for premises in lease under clause authorized by La.R.S. 9:3221);
 
 Martin v. Stone Container Corp.,
 
 31,544 (La.App. 2 Cir. 2/24/99), 729 So.2d 726 (tort claim against employer barred even when employer has assumed obligations of a building owner);
 
 Douglas v. Hillhaven Rest Home, Inc.,
 
 1997-0596 (La.App. 1 Cir. 4/8/98), 709 So.2d 1079 (same);
 
 Dumestre v. Hansell-Petetin, Inc.,
 
 96-1778 (La.App. 4 Cir. 1/29/97), 688 So.2d 187 (same).
 

 In this case, Silla leased the building from John Trapén d/b/a Moisant Enterprises, LLC and assumed liability for defects in the premises in the lease agreement. The parties do not dispute that Mr. Claudio was injured in the course and scope of his employment. Mr. Claudio’s petition for damages indicates that “Silla Cooling Systems ... is strictly liable for the defective condition of the building under Civil Code Article 2322.” The petition also indicates that “Atlantic Specialty Insurance Company had in full force and effect a policy of comprehensive general liability wherein the named insured was Silla Cooling Systems, the issuance of said policy renders Atlantic Specialty Insurance Company liable for all damages attributable to Silla Cooling Systems.” Clearly, Mr. Claudio is attempting to utilize the dual capacity theory in an attempt to circumvent the tort immunity prescribed in La.R.S. 23:1032. The jurisprudence of this state post-Sie% reveals when an employer leases a building, and an employee is injured as a result of an alleged defective condition of the building, the employee’s exclusive remedy lies in workers’ compensation, even when the employer assumes obligations of a building owner.
 

 
 *909
 
 We agree with Silla and Atlantic that the district court did not have jurisdiction over the dispute at issue. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based on the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3. It is the duty of the | ¶ocourt to examine subject matter jurisdiction
 
 sua sponte,
 
 even when the issue is not raised by the litigants.
 
 Boudreaux v. State, Dept. of Transp. and Development,
 
 2001-1329 (La.2/26/02), 815 So.2d 7, 13.
 

 Pursuant to La. Const, art. V, § 16, original jurisdiction of all civil and criminal matters is vested in district courts, except as otherwise authorized by the constitution or “except as heretofore or hereafter provided by law for administrative agency determinations in [workers’] compensation matters.”
 
 Sampson v. Wendy’s Management, Inc.,
 
 593 So.2d 336, 337 (La.1992).
 

 La.R.S. 23:1310.3(E) provides that except in limited circumstances not relevant to this appeal, “[t]he workers’ compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of’ the workers’ compensation laws. However, the mere involvement of the workers’ compensation statute or a workers’ compensation claim does not automatically subject the entire matter to the jurisdiction of the Office of Workers’ Compensation.
 
 TIG Insurance Company v. Louisiana Workers’ Compensation Corporation,
 
 04-2608 (La.App. 1st Cir.6/10/05), 917 So.2d 26, 28,
 
 writ denied,
 
 05-1821 (La.1/27/06), 922 So.2d 553. The Louisiana Supreme Court has made it clear that the grant of jurisdiction in La. R.S. 23:1310.3(E) is quite specific and provides for workers’ compensation jurisdiction only for “claims or disputes arising out of’ the Workers’ Compensation Act.
 
 Broussard Physical Therapy v. Family Dollar Stores,
 
 2008-1013 (La.12/2/08), 5 So.3d 812, 815.
 

 As we have previously explained, Mr. Claudio’s exclusive remedy arises out of the workers’ compensation law. The courts of this state have long held that whenever the Workers’ Compensation Act is applicable, the employee cannot pursue any remedy for damages against his employer in custodial liability, as pleaded in Mr. Claudio’s petition. It is clear that Mr. Claudio’s claim “arises out 114of ’ the Workers’ Compensation Act. The parties do not dispute that Mr. Claudio was a Silla employee and that he was injured in the course and scope of his employment with Silla. The Workers’ Compensation Act pertinently provides, as it has without alteration since 1914:
 

 If an employee not otherwise eliminated from the benefits of this Chapter, receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.
 

 La.R.S. 23:1031(A)
 

 The district court lacks subject matter jurisdiction to adjudicate Mr. Claudio’s claim because the Office of Workers’ Compensation has exclusive, original jurisdiction over this dispute. Accordingly, the judgments of the trial court are rendered void and are vacated.
 

 CONCLUSION AND DECREE
 

 For the reasons assigned, the March 2, 2010 judgment denying Silla’s Petition to
 
 *910
 
 Annul Default Judgment and overruling the exception of no right of action and the exception of lack of subject matter jurisdiction is vacated. The August 31, 2009 judgment confirming the preliminary default in favor of Mr. Claudio and Hartford is vacated. Judgment is rendered dismissing 24th J.D.C. case number 652-699 as the District Court lacks subject matter jurisdiction.
 

 JUDGMENTS VACATED; JUDGMENT RENDERED; CASE DISMISSED.
 

 [1]
 

 . At various points in the record, Mr. Claudio is referred to “Joey Claudio.”
 

 [2]
 

 . La.R.S. 9:3221 provides:
 

 Notwithstanding the provisions of Louisiana Civil Code Article 2699, the owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
 

 [3]
 

 . Stelly’s injury took place prior to the effective date of the amendment.