PAUL A. BONIN, Judge.
11 Jessica Briggs, an employee at The Crazy Horse Cabaret in Port Allen, Louisiana, was injured when a row of lockers detached from a wall and fell on her while she was at work. Ms. Briggs executed a receipt and release in favor of The Crazy Horse Cabaret, the lessee, but subsequently sued 2901 I — 10 LLC, the owner of the property and building occupied by. The *931 Crazy Horse Cabaret. It is undisputed that under the lease between the owner and Crazy Horse Cabaret, the lessee contractually assumed liability for Ms. Briggs’s injury in accordance with La. R.S. 9:3221, which relieves an owner/lessor of strict liability under La. Civil Code arts. 2317, 2322 and 2695 so that the owner/lessor is liable only for negligence. See Chau v. Takee Outee of Bourbon, Inc., 97-1166, p. 5 (La.App. 4 Cir. 2/11/98); 707 So.2d 495, 498. It is also undisputed that the owner in this case did not know of any defect in its property, had not received notice of the defect, and failed to remedy the defect within a reasonable time. Thus, the provisions of La. R.S. 9:3221 compel Ms. Briggs to prove that the owner “should have known of the defect” in order to impose liability upon the owner under these circumstances.
|2The property owner filed a motion for summary judgment pursuant to La. C.C.P. art. 966 C(2), pointing out that there is an absence of factual support for Ms. Briggs’s claim that the owner should have known of the defect. The trial court granted the owner’s motion for summary judgment and dismissed Ms. Briggs’s suit with prejudice. On our de novo review, we conclude that Ms. Briggs failed to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial, and thus there is no genuine issue of material fact. Accordingly, summary judgment is appropriate, and we affirm.
We explain our decision in more detail below.
I
In this Part we describe the facts as we understand them from the evidence introduced in connection with the motion for summary judgment.
Sometime after the lease between the owner and Crazy Horse Cabaret was executed in 2005, the lessee’s regional manager purchased lockers for the use of its employees. One of the lessee’s maintenance employees installed the women’s dressing room lockers in early 2006.
On December 12, 2007, Ms. Briggs, like the other employees who were getting off from work, was gathering her personal belongings out of her locker and saw the lockers, as she described it, “kind of wobble.” As she turned away, the row of steel pre-assembled lockers fell, hitting her in the neck and back, and throwing her across the room. This was the first time, according to the affidavits Ron file in support of the motion for summary judgment, that there was any problem with the lockers.
According to the affidavit of Ms. Briggs’s professional engineer, it was his opinion that the lockers may have toppled over due to someone pulling on the them and that insufficient anchoring allowed the lockers to tip forward. It was also his opinion that the lockers were not installed according to the manufacturer’s installation specifications. There is also deposition testimony that one of Ms. Briggs’s fellow employees caused the lockers to become dislodged by her actions.
II
The dispute presently before us centers on whether Ms. Briggs established a genuine issue of material fact as to whether the owner should have known of the lockers’ condition. A lessee can assume the owner’s responsibility or liability under a lease for injury to himself “or anyone on the premises who derives his right to be thereon from the lessee.” La. R.S. 9:3221.[1] If *932 there is such an assumption of responsibility, ordinarily the owner “is not liable for the injury caused by the defect.” Id. The owner, however, does not escape liability if he “knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.” Id. (emphasis added).
RHere, there is no dispute that the lease provides that “Lessee hereby assumes responsibility for the condition of the Leased premises and Lessor shall not be liable to Lessee or anyone who derives his right to be thereon from the Lessee, for any injury, death or damages caused by any defect in the Leased Premises.” (Emphasis added.) Moreover, there is no - dispute that Ms. Briggs, the injured party, derived her right to be on the premises from the lessee. And finally it is conceded by Ms. Briggs that the affidavits filed by the owner, and not contradicted by opposing affidavits or depositions, establish that the owner did not have actual knowledge of any defect and that it had not received notice of the defect before Ms. Briggs’s injury.
Thus, the only factor remaining under 3221 is whether the owner “should have known of the defect.” At trial the burden of proving that the owner should have known of the defect is upon Ms. Briggs, the injured party. See Hampton v. Succession of Matter, 01-1149, p. 4 (La.App. 4 Cir. 1/9/02); 806 So.2d 900, 903; Robinson v. Archdiocese of New Orleans, 98-1238, p. 4 (La.App. 4 Cir. 3/3/1999); 731 So.2d 979, 981.
Ms. Briggs, however, relies on several intermediate appellate court decisions, including some from our circuit, which held that the owner’s affidavit must negate the “should have known” requirements of the statute.[2] Ms. Briggs complains that there are three members of the limited liability company which owns the premises and that only one of the members filed an affidavit in which he | ^denies actual knowledge, but is silent as to whether he “should have known.” She also argues, it seems, that some adverse inference should be drawn against the owner because of the failure of the other two members to negate the “should have known” requirement by filing additional affidavits. But her reliance on this line of cases is misplaced because, as we discuss in Part III, post, all of her cases were decided before the 1997 amendment to La. C.C.P. art. 966 C(2), which controls the manner in which both we, and the trial court, address the type of motion for summary judgment filed by the owner in this case.
Ill
Basically, the mover in a motion for summary judgment is entitled to judgment if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. See La. C.C.P. art. 966 B(2). Generally, we, like the trial court, make the determination that there is no genuine issue of material fact by examining the pleadings and, when filed, the accompanying evidentiary documents (e.g., depositions, affidavits, answers to interrogatories). See id.
*933 But, when the mover in the motion for summary judgment will not bear the burden of proof at trial on the matter that is before the court on the motion, there is an alternative means of determining that there is no genuine issue of material fact. See La. C.C.P. art. 966 C(2). In such circumstances, which were put into place by a 1997 amendment to La. C.C.P. art. 966, the mover first “point[s] out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” Id. “Thereafter, if the adverse party | fifails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact.” Id.
Here, the building owner has pointed out that there is an absence of factual support for Ms. Briggs’s burden of establishing that it “should have known” about the alleged defect in the installation of the lockers. We have previously noted that the legislative purpose behind the adoption of § 3221 was “to relieve the owner of some of the burdens imposed upon him by law in cases where he had given dominion or control of his premises to a tenant under a lease.” Chau, 97-1166, p. 6, 707 So.2d at 498. In Chau we observed that in “view of the statute’s purpose of relieving owner lessors of some liability when the lease shifts responsibility for the premises to the lessee, the phrase ‘should have known’ in the statute should not be construed to impose expansive burdens upon the owner lessor.” Id. We further noted that were we to impose upon an owner a duty to inspect the premises so as to actively determine whether there were defects, the burden upon the owner would scarcely be less than that imposed by strict liability. Id. Thus, imposing such a duty to inspect upon an owner would all but completely deny him the relief granted to him by La. R.S. 9:3221. Resolving that we should not frustrate the legislative purpose underlying the article, we concluded that an owner, under these circumstances, has no duty to inspect. Id. See also Jamison v. D’Amico, 06-0842, p. 5 (La.App. 4 Cir. 3/14/07); 955 So.2d 161,165.
The usual burden imposed upon an owner is that he is liable for damages upon a showing that “in the exercise of reasonable care, [he] should have known of |7the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.” Cf. La. Civil Code art. 2322. There is nothing to suggest in the evidentiary materials that any deficiency in the locker installation could have been discovered by any means other than by an inspection. In this respect, Ms. Briggs has not produced any factual support to show what the owner should have known in the exercise of reasonable care absent the imposition of a duty — which the Legislature has not sought to impose — to inspect the lockers.
We conclude that the trial judge correctly granted summary judgment in favor of the owner and against Ms. Briggs. She has offered no factual support for her contention that the property owner should have known of the installation defect in the lockers, which is essential to her claim for damages. Thus, there is no genuine issue of material fact and the property owner is entitled to judgment in its favor as a matter of law. See Smith v. French Mkt. Corp., 03-1412, p. 7 (La.App. 4 Cir. 10/6/04); 886 So.2d 527, 531.
IV
We turn now to briefly address Ms. Briggs’s arguments and assignments of error pertaining to American Restaurant, *934 Inc., whom she contends exercises operational control of the building which houses the Crazy Horse Cabaret. It appears that on the same date that Ms. Briggs filed her opposition to the owner’s motion for . summary judgment, she filed also a motion for leave to file' a first supplemental and amending petition in order to name American Restaurant as an |8additionaI party defendant. The trial court permitted the filing. See La. C.C.P. art. 1151.
Ms. Briggs appeals the alleged dismissal of her claim against American Restaurant. But from our review of the judgment rendered by the trial court, the judgment only identifies and pertains to 2901 1-10, LLC, the owner. There is no decretal language whatsoever dismissing the claim against American Restaurant. There is no merit to this assignment.
DECREE
The judgment granting summary judgment' in favor of 2901 I — 10, LLC and dismissing with prejudice the lawsuit of Jessica Briggs against 2901 1-10, LLC, is affirmed. All costs of the appeal are taxed to Ms. Briggs. See La. C.C.P. art. 2164.
AFFIRMED.

. La. R.S. 9:3221 provides:
Notwithstanding the provisions of Louisi *932 ana Civil Code Article 2699, the owner of premises leased under a contract whereby tire lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.

. See, for example, Muse v. Katz, 632 So.2d 846 (La.App. 4th Cir. 1994); Roberts v. Orpheum Corporation, 630 So.2d 914 (La.App. 4th Cir. 1993).