| | |
|---|---|
| JULIE GORDON KITZIGER | NO. 19-C-87 |
| VERSUS | FIFTH CIRCUIT |
| MICHAEL F. MIRE | COURT OF APPEAL |
| | STATE OF LOUISIANA |

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 765-038, DIVISION "O"
HONORABLE DANYELLE M. TAYLOR, JUDGE PRESIDING

September 24, 2019

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Robert A. Chaisson

**<u>WRIT GRANTED</u>**

    **RAC**
    **FHW**
    **MEJ**

COUNSEL FOR PLAINTIFF/RESPONDENT,
JULIE GORDON KITZIGER
 Matthew A. Sherman
 David R. Sherman
 Patrick R. Follette
 Nicholas R. Varisco

COUNSEL FOR DEFENDANT/RELATOR,
MICHAEL F. MIRE
 Andrew P. Burnside
 Andrew J. Halverson

## CHAISSON, J.

In this case concerning disputed compensation, defendant Michael F. Mire seeks supervisory review of the trial court's denial of his exceptions of prescription and no cause of action.

## FACTS & PROCEDURAL HISTORY

On September 26, 2016, Julie Kitziger filed a petition for damages naming Mr. Mire the sole defendant. The facts as set forth in the original and amended petition are as follows:

In 2003, Ms. Kitziger, who has a degree in business, was working as a salesperson for an oil and gas firm. She was recruited by Mr. Mire to work as a salesperson at his company, Gulfstream Services, Inc. At that time, and on numerous occasions thereafter, Mr. Mire made promises and representations to Ms. Kitziger that she would be "taken care of" and that he would "take her to retirement" if she came to work for him at Gulfstream. Based on such promises, Ms. Kitziger left her previous employer and began working as a salesperson at Gulfstream. From 2003 to 2015, Ms. Kitziger brought several accounts to the company. In 2013, Gulfstream hired a new sales manager who purportedly began harassing and bullying Ms. Kitziger; she had sales accounts taken away and her bonuses were diminished. The purported harassment lasted approximately 10 months, during which time Mr. Mire encouraged Ms. Kitziger to "hang in there." In October of 2014, Gulfstream was purchased by the Jordan Company. Following the sale, Mr. Mire continued working for Jordan in an executive role. Ms. Kitziger continued her employment as a salesperson with the Jordan Company until she was terminated on September 28, 2015, supposedly at Mr. Mire's direction. The petition sets forth three causes of action: 1) negligent misrepresentation; 2) detrimental reliance; and 3) unjust enrichment.

In response to this original petition, Mr. Mire filed a peremptory exception of no cause of action arguing that Ms. Kitziger's claims amounted to a wrongful termination suit and therefore it was necessary to analyze them under La. C.C. art. 2747, Louisiana's at-will employment statute.[1] At the hearing of Mr. Mire's exception, the trial court indicated that an exception of vagueness might have been appropriate because Ms. Kitziger's cause of action was not clearly pled.

In an attempt to clarify the causes of action brought by Ms. Kitziger, her counsel argued that "the termination did not have anything to do with these negligent misrepresentations, the detrimental reliance or the unjust enrichment," the termination "is very clearly not related to this case," "it's our position that this case is completely separate and apart from the termination," and that her cause of action is "absolutely not" for continued employment. In a February 16, 2017 judgment, the trial court sustained Mr. Mire's peremptory exception, but allowed Ms. Kitziger 45 days to amend her petition to remove the grounds for the exception.

Ms. Kitziger amended her petition in an attempt to cure the grounds for the exception of no cause of action. In her amended petition, she states that the promises were made by Mr. Mire in his individual capacity, not in his capacity as an officer or owner of Gulfstream, and they were not made to her for indefinite or lifelong employment. Ms. Kitziger also alleged in her amended petition that Mr. Mire promised her she would be substantially compensated by Mr. Mire, individually, if she assisted him in growing and eventually selling Gulfstream. Ms. Kitziger, upon belief that she would be substantially compensated by Mr. Mire upon a sale of Gulfstream, brought at least one potential buyer to Mr. Mire.[2]

---

[1] Louisiana courts have found it unreasonable as a matter of law to rely on at-will employment. *May v. Harris Mgmt. Corp.*, 04-2657 (La. App. 1 Cir. 12/22/05), 928 So.2d 140, 146-47; *Robinson v. Healthworks International, L.L.C.*, 36,802 (La. App. 2 Cir. 1/29/03), 837 So.2d 714, 722, *writ not considered*, 03-0965 (La. 5/16/03), 843 So.2d 1120.

[2] For example, Ms. Kitziger added the following language to paragraph 4 of her amended petition, "These continued promises and representations: (1) were made by the Defendant, as an individual and/or individually, to the

2

In response to the first amending petition, Mr. Mire filed a second peremptory exception of no cause of action, which the trial court denied. In its reasons for judgment, the trial court found that Ms. Kitziger had alleged facts sufficient to state a cause of action for detrimental reliance.

Mr. Mire filed additional peremptory exceptions of prescription and no cause of action. The trial court also denied these exceptions. It is from this judgment that Mr. Mire seeks supervisory review.

## DISCUSSION

*Standard of Review*

We address first Mr. Mire's peremptory exception of no cause of action. The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. *State, Div. of Admin., Office of Facility Planning & Control v. Infinity Sur. Agency, L.L.C.*, 10-2264 (La. 5/10/11), 63 So.3d 940, 945. A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234, 1238 (La. 1993). No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. The court reviews the petition and accepts the well-pleaded allegations of fact as true. *Khoobehi Properties, LLC v. Baronne Dev. No. 2, L.L.C.*, 16-506 (La. App. 5 Cir. 3/29/17), *writ denied*, 17-0893 (La. 9/29/17), 227 So.3d 288. Because Louisiana utilizes a system of fact pleading, it is not necessary for a plaintiff to plead a theory of the case in the petition; however, mere conclusions of the plaintiff unsupported by the facts do not set forth a cause of action. *Id*. In

---

Petitioner; (2) were not made by the Defendant in his capacity as an owner and/or executive and/or officer and/or shareholder of Gulfstream; and (3) were not made to the Petitioner for indefinite or lifelong employment."

3

reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a *de novo* review because the exception raises a question of law and the lower court's decision is necessarily based solely on the sufficiency of the petition. *Id.* The issue is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *State, Div. of Admin., Office of Facility Planning and Control*, 63 So.3d at 946.

*Negligent Misrepresentation*

Ms. Kitziger has not filed any claims against her employer, the Jordan Company, and asserts that her claims are against Mr. Mire in his individual capacity, not his capacity as an executive at Gulfstream or Jordan. She alleges that Mr. Mire's promises that he would "take care of her" and "take her to retirement" were negligent misrepresentations made by Mr. Mire in an individual capacity that caused her damages. Negligent misrepresentation is a cause of action arising in delict and is based on the principle that every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill. La. C.C. arts. 2315-16; *Daye v. Gen. Motors Corp.*, 97-1653 (La. 9/9/98), 720 So.2d 654, 659.

Generally, workplace related injuries, including those arising under La. C.C. arts. 2315 and 2316, are governed by the provisions of the Louisiana Worker's Compensation Act. La. R.S. 23:1032 states, in pertinent part:

A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.

4

(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.

The dual-capacity doctrine is the principle that makes an employer - who is normally shielded from tort liability by workers' compensation laws - liable in tort to an employee if the employer and employee stand in a secondary relationship that confers independent obligations on the employer. *Claudio v. Silla Cooling Sys.*, 10-52 (La. App. 5 Cir. 12/14/10), 55 So.3d 902, 906.

Subsequent to the trial court sustaining Mr. Mire's original exception of no cause of action because it appeared that Ms. Kitziger's action amounted to a wrongful termination claim inextricably linked to her employee-employer relationship with Mr. Mire, Ms. Kitziger amended her petition to allege that the statements made to her by Mr. Mire were made in his individual capacity. Upon careful review of her amended petition, we find that these allegations are merely conclusory. Ms. Kitziger does not allege that there was a contractual relationship between herself and Mr. Mire, nor does she allege any secondary relationship, independent of the employment relationship, that would impose any independent duty owed by Mr. Mire to her. As such, we conclude that Ms. Kitziger has failed to state a cause of action against Mr. Mire for negligent misrepresentation outside of the exclusive jurisdiction of the Office of Workers' Compensation.

*Detrimental Reliance*

Ms. Kitziger's claim of detrimental reliance, which is based on the law of obligations rather than delict, is not subject to the exclusive jurisdiction of the Office of Workers' Compensation established by La. R.S. 23:1032.

Detrimental reliance is designed to prevent injustice by barring a party, under special circumstances, from taking a position contrary to his prior acts,

admissions, representations, or silence. *Louisiana Office of Risk Mgmt. v. Richard*, 13-0890 (La. 10/15/13), 125 So.3d 398, 402. La. C.C. art. 1967 provides:

> Cause is the reason why a party obligates himself.
>
> A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

"To establish detrimental reliance, a party must prove three elements by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance." *Luther v. IOM Co. LLC*, 13-0353 (La. 10/15/13), 130 So.3d 817, 825. "Estoppels are not favored in our law; therefore, a party cannot avail himself of that doctrine if he fails to prove all essential elements of the plea." *Id.* Claims of detrimental reliance must be examined strictly and carefully. *First Louisiana Bank v. Morris & Dickson, Co., LLC*, 45,668 (La. App. 2 Cir. 11/3/10), 55 So.3d 815, 825.

Under the facts alleged, Ms. Kitziger worked for Gulfstream as a salesperson and was compensated by Gulfstream for that work. In order for Ms. Kitziger to maintain her detrimental reliance claim, the finder of fact would have to identify those alleged promises Mr. Mire made in his individual, personal capacity that can be distinguished from the employment agreement with Gulfstream. In her petitions, Ms. Kitziger states, "[t]he Defendant individually and personally, on numerous occasions, represented to the Petitioner that he would 'take care of her' down the road, 'would take her to retirement,' and that the Petitioner was the key to his company's success." Ms. Kitziger clarified at the hearing of Mr. Mire's exception that "these continued promises and representations were that the Petitioner would be substantially compensated by the Defendant, individually, if

6

the Petitioner assisted the Defendant in growing and eventually selling Gulfstream." This statement and those similarly worded in the petition are vague and conclusory. Despite the purported numerosity of these repeated promises and representations, Ms. Kitziger fails to allege particular facts surrounding the circumstances of any of these purported representations such as the date, time, and/or location that Mr. Mire made the representations. Without such facts, Ms. Kitziger's allegations that these promises were somehow made by Mr. Mire in his individual capacity, as opposed to in his capacity as her employer, are nothing more than conclusory allegations. As previously stated, mere conclusions of the plaintiff unsupported by the facts do not set forth a cause of action. Therefore, we find Ms. Kitziger has failed to allege facts sufficient to state a cause of action for detrimental reliance against Mr. Mire in his personal, individual capacity.

*Unjust Enrichment*

Unjust enrichment requires a person who has been enriched without cause at the expense of another person to provide compensation to that person. La. C.C. art. 2298. The remedy of unjust enrichment is subsidiary in nature, and shall not be available if the law provides another remedy. *Semco, LLC v. Grand Ltd.*, 16-342 (La. App. 5 Cir. 5/31/17), 221 So.3d 1004, *writ denied,* 17-1291 (La. 11/6/17), 229 So.3d 475. The requisite elements of a claim for unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification or cause for the enrichment and impoverishment, and (5) no other available remedy at law. *Leftwich v. New Orleans Weddings Magazine*, 14-547 (La. App. 5 Cir. 11/25/14), 165 So.3d 916.

Ms. Kitziger does not allege, and we do not find, that she had no other remedy available at law to her as a result of the alleged wrongful conduct of Mr. Mire. Accordingly, she has no cause of action for unjust enrichment.

7

**CONCLUSION**

Having determined that Ms. Kitziger is not entitled to the relief sought based on the facts alleged in her petition, we reverse the judgment of the trial court and sustain Mr. Mire's exception of no cause of action. As such, Mr. Mire's exception of prescription is rendered moot. Ms. Kitziger's claims against Mr. Mire are dismissed with prejudice.

**<u>WRIT GRANTED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 24, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____
MARY E. LEGNON
INTERIM CLERK OF COURT

## 19-C-87

**E-NOTIFIED**

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DANYELLE M. TAYLOR (DISTRICT JUDGE)
MATTHEW A. SHERMAN (RESPONDENT)      PATRICK R. FOLLETTE (RESPONDENT)      ANDREW J. HALVERSON (RELATOR)

**MAILED**

ANDREW P. BURNSIDE (RELATOR)        DAVID R. SHERMAN (RESPONDENT)
ATTORNEY AT LAW                     NICHOLAS R. VARISCO (RESPONDENT)
701 POYDRAS STREET                  ATTORNEYS AT LAW
SUITE 3500                          ONE GALLERIA BOULEVARD
NEW ORLEANS, LA 70139               SUITE 1100
                                    METAIRIE, LA 70001